# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE ZAPPOS.COM, INC., CUSTOMER DATA SECURITY BREACH LITIGATION,<br><br>This Document Relates to:<br><br>ALL ACTIONS | 3:12-cv-00325-RCJ-VPC<br><br>MDL No. 2357<br><br>**ORDER** |

Currently before the Court are Defendant Zappos.com Inc.'s ("Zappos") Motion to Seal Exhibit A (#15) and Plaintiffs Stevens, Penson, Elliot, Brown, and Seal's (collectively, the "Stevens Plaintiffs") Motion for Leave to File Rule 23(G) Applications for Appointment of Interim Class Counsel (#45).

### Motion to Seal Exhibit A (#15)

Zappos requests that Exhibit A to the Joinder of Additional Plaintiffs to Motion to Compel Arbitration and Stay Action filed by Zappos be filed under seal. Exhibit A contains customer information such as customer purchase history, which contains personal information of Zappos' customers. Plaintiffs do not oppose the Motion (#15).

The Ninth Circuit has recognized that there are exceptions to the presumption of access to judicial records when there is a need for confidentiality. *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). The exhibit to be sealed contains little information of interest to the public, and sealing it would protect private information of customers and Zappos. The Motion (#15) shall, therefore, be granted.

///

**Motion For Leave to File Applications for Appointment of Interim Class Counsel (#45)**

On June 14, 2012, the United States Judicial Panel on Multidistrict Litigation transferred nine actions pending in five districts to the District of Nevada for consolidated pretrial proceedings. The transfer included the following cases: *Stevens v. Amazon.com, Inc. d/b/a Zappos.com*, No. 3:12-cv-00032-CRS-JDM (W.D. Ky.) (filed Jan. 16, 2012); *Penson v. Amazon.com, Inc. d/b/a Zappos.com*, No. 3:12-cv-00036 (W.D. Ky.) (filed Jan. 19, 2012); *Elliott et al. v. Amazon.com, Inc. d/b/a Zappos.com*, No. 3:12-cv-00037-ECR (W.D. Ky.) (filed Jan. 20, 2012). The Stevens Plaintiffs are plaintiffs to actions that were transferred on June 14, 2012.

On February 29, 2012, prior to the transfer of the MDL cases, a stipulation and proposed order was submitted to the Court by counsel in three later-filed cases in this district. (*Priera v. Amazon.com*, No. 2:12-cv-00182-RCJ-VCF (#6).) Those cases are *Priera*, filed February 2, 2012; *Ree v. Amazon.com d/b/a Zappos.com, Inc.*, No. 3:12-cv-00072-RCJ-WGC, filed February 7, 2012; and *Simon, et. al. v. Amazon.com d/b/a Zappos.com, Inc.*, No. 2:12-cv-00232-RCJ-VCF, filed February 14, 2012. On March 6, 2012, the Court entered (*Priera*, 2:12-cv-00182 (#10)) the unopposed stipulation appointing Ms. Priera, Mr. Ree, Ms. Simon, Ms. Vorhoff and Ms. Hasner interim Lead Plaintiffs and Levin Papantonio Thomas Mitchell Rafferty & Proctor, P.A.; Meiselman Denlea Packman Carton & Eberz, P.C. and Glancy Binkow & Goldberg LLP interim Co-Lead Counsel, and Winner & Carson PC. interim liaison counsel. While the Order (#10) included: "[t]his Court requests the assistance of counsel in calling to the attention of the clerk of this Court the filing or transfer of any case which properly might be consolidated as part of the In re Zappos Security Breach Litigation," the Stevens Plaintiffs' cases, which were filed prior to *Priera*, were not brought to the Court's attention at that time.

Counsel for the Stevens Plaintiffs, whose cases were consolidated after the Court entered the stipulation appointing Lead Plaintiffs and interim Co-Lead Counsel, request an opportunity to present their qualifications and experience to the Court in conjunction with an application for appointment of interim class counsel under Rule 23(g). Zappos takes no

position in the matter, and the *Priera* plaintiffs oppose.

Federal Rule of Civil Procedure 23(g)(3) provides that the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." FED. R. CIV. P. 23(g)(3). In appointing class counsel, the court considers: (i0 the work counsel has done in identifying or investigating potential claims; (ii) counsel's experience in handling complex litigation and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; (iv) the resources that counsel will commit to representing the class; and any other matters pertinent to fair and adequate representation. FED. R. CIV. P. 23(g). When more than one applicant seeks appointment, the court "must appoint the applicant best able to represent the interests of the class." FED. R. CIV. P. 23(g)(2).

Prior to consolidation of the MDL cases, this Court designated interim class counsel pursuant to the unopposed stipulation submitted in the Nevada cases. Ordinarily, "a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case." *In re Oreck Corp. Halo Vacuum and Air Purifiers Mktg. and Sales Practices Litig.*, 282 F.R.D. 486, 491 (C.D. Cal 2012) (quoting *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990)). However, a court has discretion to depart from the law of the case when changed circumstances exist. *Id.* (citing *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)). When interim lead class counsel are appointed prior to other cases being consolidated and transferred to the Court, "circumstances have changed substantially." *Id.*

For that reason, the Court shall vacate the previous Order appointing interim lead counsel. The parties shall have fourteen (14) days within which to submit applications for appointment of interim class counsel.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion to Seal (#15) is **GRANTED**.

IT IS FURTHER ORDERED that the Motion for Leave to File Applications for Appointment of Interim Lead Counsel (#45) is **GRANTED**. The previous Order filed in 2:12-cv-182 (#10) is **VACATED** with respect to the appointment of lead counsel. The parties shall

submit applications for appointment of interim class counsel within fourteen (14) days of this Order.

Dated: This 19th day of December, 2012.

_____
United States District Judge