David C. O'Mara
**The O'Mara Law Firm, P.C.**
311 E. Liberty Street
Reno, NV 89501
Tel: (775) 323-1321
Fax: (775) 323-4082
david@omaralaw.net

D. Greg Blankinship (*pro hac vice*)
Jeremiah Frei-Pearson (*pro hac vice*)
**Meiselman Packman Nealon**
**Scialabba & Baker, P.C.**
1311 Mamaroneck Avenue
White Plains, New York 10605
Tel: (914) 517-5000
Fax: (914) 517-5055
gblankinship@mdpcelaw.com
jfrei-pearson@mdpcelaw.com

Peter J. Mougey (*pro hac vice*)
James L. Kauffman (*pro hac vice*)
**Levin Papantonio Thomas**
**Mitchell Rafferty & Proctor, P.A.**
316 South Baylen Street, Suite 600
Pensacola, Florida 32502-5996
Tel: (850) 435-7068
Fax: (850) 436-6068
pmougey@levinlaw.com
jkauffman@levinlaw.com

Michael M. Goldberg (*pro hac vice*)
Marc L. Godino (*pro hac vice*)
**Glancy Binkow & Goldberg, LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Tel: (310) 201-9150
Fax: (310) 201-9160
info@glancylaw.com

*Attorneys for the Consolidated Nevada Plaintiff and the Putative Class*
[Additional counsel are listed on the signature page.]

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| IN RE ZAPPOS.COM, INC., CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 3:12-cv-325- RCJ-VPC<br><br>MDL No. 2357 |

**CONSOLIDATED NEVADA PLAINTIFFS' APPLICATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

1

**TABLE OF CONTENTS**

I.     INTRODUCTION ..................................................................................................1

II.    ARGUMENT .......................................................................................................2

       A.     Applicable Legal Standards ..................................................................2

       B.     The Court Should Appoint the Nevada Plaintiffs' Counsel as Interim Co-
              Lead Counsel in this Matter ..................................................................3

              1.     Quality of Pleadings and Vigorous Prosecution of the Case ......................3

              2.     Nevada Plaintiffs' Counsel's Experience in Consumer Class
                     Actions ..................................................................................6

                     a.     The Glancy Firm ..............................................................7

                     b.     The Meiselman Firm ........................................................8

                     c.     The Levin Firm .................................................................10

                     d.     The O'Mara Firm (Liaison Counsel) ...............................11

              3.     Counsel's Knowledge of the Applicable Law ............................12

              4.     Counsel's Willingness and Ability to Commit Adequate Resources ........13

       C.     Appointment of a Lead Plaintiff is Unnecessary, but the Consolidated
              Nevada Plaintiffs Are Prepared to Act in This Capacity ......................16

III.   CONCLUSION ....................................................................................................17

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**CASES**

*In re Am. Express Merchants' Litig.*,
     554 F.3d 300 (2d Cir. 2009)....................................................................................... 5

*In re Bank of America Corp. Sec. Deriv. and ERISA Litig.*,
     258 F.R.D. 260 (S.D.N. Y. 2009) ............................................................................. 2

*Moradi v. Adelson*,
     No. 11-cv-00490-GMN-RJJ, 2011 WL 5025155 (D. Nev. Oct. 20, 2011) ...................... 2

*Sparano v. Lief*,
     No. 10-cv-2079 BTM, 2011 WL 830109 (S.D. Cal. Mar. 3, 2011) .................................. 2

**RULES**

Fed. R. Civ. P. 23(g)(2)(A) ........................................................................................... 2

**OTHER AUTHORITIES**

Manual for Complex Litigation (4th ed.)................................................................. 1, 2

Plaintiffs Stephanie Preira, Robert Ree, Shari Simon, Patti Hasner, Katharine Vorhoff, Dahlia Habashy, Zetha Nobles, Josh Richards and Sylvia St. Lawrence[1] (collectively, the "Consolidated Nevada Plaintiffs" or "Nevada Plaintiffs") submit this Memorandum of Points and Authorities in Support of their Application for Appointment of Interim Class Counsel Under Fed. R. Civ. P. 23(g).

By this motion, and pursuant to the Court's December 21, 2012 Order, the Consolidated Nevada Plaintiffs seek to have the law firms of LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR, P.A. (the "Levin Firm"), MEISELMAN, PACKMAN, NEALON, SCIALABBA & BAKER P.C. (the "Meiselman Firm"), and GLANCY BINKOW & GOLDBERG, LLP (the "Glancy Firm") (collectively referred to herein as "Nevada Plaintiffs' Counsel")  appointed as interim co-lead counsel and THE O'MARA LAW FIRM (the "O'Mara Firm") appointed as interim liaison counsel.

I.      **INTRODUCTION**

In evaluating the factors for appointment of interim lead counsel as set forth in Rule 23(g), an important consideration is, of course, the amount of work that will be required to skillfully and efficiently prosecute the case.  *See, e.g., Manual for Complex Litigation* (4th ed.) § 21.271 ("If there are multiple applicants, the court's task is to select the applicant best able to represent the interests of the class.").  The criteria that apply to this evaluation include the quality of counsel's pleadings, the experience of counsel in similar actions, knowledge of the applicable

---

[1] This brief is filed on behalf of the Plaintiffs in the following pending cases in this litigation: *Priera v. Amazon*, 2:12-cv-00182-RCJ-VCF (originally filed in D. Nev.), *Simon v. Amazon*, 2:12-cv-00232-RCJ-VCF (originally filed in D. Nev.), *Ree v. Amazon*, 3:12-cv-00072-RCJ-WGC originally filed in D. Nev.), *Richards v. Amazon*, 6:12-cv-00212 (originally filed in M.D. Fla.), *Habashy v. Amazon*, 1:12-cv-10145 (originally filed in D. Mass.), *St. Lawrence v. Zappos*, 0:12-cv-60133 (originally filed in S.D. Fla.) and *Nobles v. Amazon*, 3:12-cv-03131 (originally filed in N.D. Cal.).

law demonstrated by counsel, and the willingness and ability of counsel to allocate necessary resources.  For all of the reasons set forth herein, Nevada Plaintiffs' Counsel respectfully submit that they are best suited to serve as interim co-lead counsel in this case.

## II.     ARGUMENT

### A.     Applicable Legal Standards

Under Rule 23(g), the Court is authorized "to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class."  Fed. R. Civ. P. 23(g)(2)(A) Advisory Committee Note, 2003 amendment. Interim class counsel is responsible for precertification activities, "such as making and responding to motions, conducting necessary discovery, moving for class certification and negotiating settlement."  *See* Manual for Complex Litigation, Fourth, §21.11, at 246 (Federal Judicial Center 2004).

In determining who should be appointed interim lead counsel, courts have considered a variety of factors, including: (l) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel. *In re Bank of America Corp. Sec. Deriv. and ERISA Litig.*, 258 F.R.D. 260, 272 (S.D.N. Y. 2009) (cited by *Sparano v. Lief*, No. 10-cv-2079 BTM, 2011 WL 830109, at *2 (S.D. Cal. Mar. 3, 2011)); *see also*, *Moradi v. Adelson*, No. 11-cv-00490-GMN-RJJ, 2011 WL 5025155, at *2 (D. Nev. Oct. 20, 2011) (same). Courts also consider the criteria for appointing interim class counsel set forth in Fed. R. Civ. P. 23(g)(1): (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.  *Sparano, supra, id*.; *Moradi, supra, id.* (same).

**B.     The Court Should Appoint the Nevada Plaintiffs' Counsel as Interim Co-Lead Counsel in this Matter**

**1.     Quality of Pleadings and Vigorous Prosecution of the Case**

Interim counsel are charged with protecting the interests of the putative class, and throughout the pendency of this matter, the Nevada Plaintiffs' Counsel have submitted high quality pleadings that reflect factual and legal investigation.  The Nevada Plaintiffs' Counsel carefully considered the underlying facts and researched the available claims prior to filing any of the complaints in this matter.  Early in this litigation, on March 12, 2012, the Nevada Plaintiffs' Counsel filed an extensive Consolidated Amended Complaint (*Priera v. Amazon*, 2:12-cv-0182-RCJ-VCF, Docket No. 13), which reflected the substantial work performed by counsel for the Consolidated Nevada Plaintiffs in support of the class.  In preparing that Complaint, Nevada Plaintiffs' Counsel thoroughly reviewed the available factual information and investigated the state of the law with respect to potential claims for negligence, violation of privacy, breach of contract, breach of implied contract, and, on behalf of the California subclass, violations of the California Unfair Competition Law (*Bus. & Prof. Code* §17200 *et seq.*), misleading advertising (*Bus. & Prof. Code* §17500 *et seq.*), as well as improper disclosure and notification of the security breach on behalf of the California and Washington subclasses.

Recognizing a companion action in Nevada state court, Nevada Plaintiffs' Counsel communicated with counsel for the Nevada state court plaintiffs, and agreed with counsel for the State court plaintiffs to coordinate discovery.  Throughout the pendency of this matter, counsel for the Consolidated Nevada Plaintiffs have attempted to work collaboratively and efficiently with co-counsel in an attempt to advance this case and serve the best interests of the class. When the Defendants moved to consolidate and transfer the cases to this District, counsel for the

Consolidated Nevada Plaintiffs performed substantial work responding to competing motions, argued the motion before the JPML, and prevailed on the Motion before the JPML.

Additionally, Nevada Plaintiffs' Counsel performed substantial work in response to the Defendants' Motion to Compel Arbitration, and prevailed on that Motion on behalf of the putative class.  At the hearing on Defendant's motion to compel arbitration – a highly important and potentially dispositive motion – Nevada Plaintiffs' Counsel were represented in person by Jeremiah Frei-Pearson, a partner of the Meiselman Firm[2] (other attorneys from the Nevada Plaintiffs' Counsel group attended, and were prepared to assist in arguing this dispositive motion if necessary).

The Nevada Plaintiffs Counsel's efforts contrast with some of the actions taken by the Stevens Plaintiffs' counsel in this litigation to date.  The first complaint filed by Stevens Plaintiffs' counsel was filed the same day as the security breach in an apparent "rush to the courthouse."  *See Stevens v. Amazon.com, Inc.* ("Amazon") 3:12-cv-00339-RCJ-VPC (D. Nev.).  During that same week, two more virtually *identical* complaints were filed in the Western District of Kentucky by small law firms who now support Stevens Plaintiffs' counsel's leadership application.  *See Penson v. Amazon*, 3:12-cv-00340-RCJ-VPC (D. Nev.) (complaint filed in the Western District of Kentucky on January 19, 2012); *Elliot v. Amazon*, 3:12-cv-00341-RCJ-VPC (D. Nev.) (complaint filed in the Western District of Kentucky on January 20, 2012).  Each of these complaints filed in Kentucky[3] brought only four claims: (1) willful and (2) negligent violations of the Fair Credit Reporting Act ("FCRA"), (3) negligence, and (4) public disclosure of private facts.  Demonstrating the inadequate factual investigation, each complaint

_____

[2] Mr. Frei-Pearson was a rising associate at the time he argued the motion.

[3] It is unclear why three substantially identical complaints were filed by the Stevens Plaintiffs' counsel in Kentucky, other than to establish that there were "more" pending complaints in Kentucky in anticipation of a motion to transfer.

incorrectly stated that the servers breached were located in Kentucky.  According to Defendant, these servers are located in Nevada.  *See* Reply in Support of Motion of Defendant Zappos.com, Inc. to Transfer, MDL Case No. 2357, Dkt. No. 27.[4]

In the recently-filed Stevens Plaintiffs' Application for Appointment of Interim Co-Lead Class Counsel (Docket No. 70) counsel for the Stevens Plaintiffs make much ado of the fact that Messrs. Barnow and Coffman attended the November 5, 2012 Case Management Conference *in person*.  *Id.* at p. 2.  Notably, this appearance was the first time that either Messrs. Barnow or Coffman had appeared in person, perhaps in an effort to overshadow the fact that each of them had previously failed to appear at the hearing on Defendants' Motion to Compel Arbitration.[5] Rather than incur the additional costs of flying multiple attorneys to Reno to attend a scheduling conference that provided for telephonic appearance, the Consolidated Nevada Plaintiffs were represented by skilled local counsel, whose offices are conveniently and efficiently located just down the street from the District Courthouse.

Related to vigorous and efficient prosecution of the case, Nevada Plaintiffs Counsel are committed to working cooperatively with all counsel in this matter.  While the Stevens Plaintiffs' Counsel mischaracterize an e-mail dated December 19, 2012 as supposed proof of Nevada

---

[4] In their leadership application, Stevens Plaintiffs counsel also misleadingly state that "all of the legal claims first asserted in the original *Stevens* [sic] complaint are included in the Priera Plaintiffs' [Nevada Consolidated] complaints."  Docket No. 70 at 4.  The Nevada Consolidated Complaint does not include Fair Credit Reporting Act claims against Zappos.  Moreover, all of the claims included in the *Habashy* complaint are included in the Penson Plaintiffs' Consolidated Complaint.

[5] Mr. Barnow's firm sent one associate to attend this hearing.  However, the single brief submitted by counsel for the Stevens Plaintiffs (then the Penson Plaintiffs) was materially weak and included at least one citation to an authority that had been directly over-ruled by the U.S. Supreme Court -- without informing the Court that the opinion on which the brief relied was no longer good law.  *See* Docket No. 9 at 12 (citing to *In re Am. Express Merchants' Litig.*, 554 F.3d 300, 306 (2d Cir. 2009) *cert. granted, judgment vacated sub nom. Am. Exp. Co. v. Italian Colors Rest.*, 130 S. Ct. 2401 (U.S. 2010).

1   Plaintiffs' Counsel's unwillingness to work with other counsel (Docket No. 70, Ex. 3), quite the

2   opposite is in fact true.  Although omitted in the section of the Stevens Plaintiffs' brief citing the

3   email, Nevada Plaintiffs' Counsel, by Mr. James Kauffman, suggested that in light of the

4   complexity of the matter and the impending Christmas holiday season, the parties *jointly* request

5   an extension of time to respond to defendant's motion to dismiss.  *Id.*  Mr. Barnow refused Mr.

6   Kauffman's offer to seek an extension that would have aided plaintiffs in preparing the strongest

7   possible oppositions to the motion to dismiss.  Mr. Barnow's refusal to jointly seek an extension

8   is perplexing, as he previously unilaterally granted an unnecessary extension to Zappos without

9   obtaining any benefit for plaintiffs and the class.  See Declaration of Frei-Pearson at ¶ 9.

10

11          Counsel for the Consolidated Nevada Plaintiffs have demonstrated that they have and

12   will continue to efficiently and aggressively investigate and identify all potential claims. This

13   factor, therefore, supports the appointment of counsel for the Consolidated Nevada Plaintiffs as

14   interim lead counsel.

15

16               **2.      Nevada Plaintiffs' Counsel's Experience in Consumer Class Actions**

17          Counsel for the Consolidated Nevada Plaintiffs have extensive relevant experience and

18   are well qualified to serve as lead counsel in this litigation.  *See* Exs. A-C hereto, attaching firm

19   resumes of the Glancy Firm, the Meiselman Firm, and the Levin Firm, respectively.

20

21          Glancy Binkow & Goldberg, LLP (the "Glancy Firm") is comprised of highly skilled and

22   experienced class action lawyers.  Ex. A to the Declaration of Lionel Glancy (Glancy Firm

23   resume).  Similarly, Meiselman, Packman, Nealon, Scialabba & Baker, P.C. (the "Meiselman

24   Firm") and Levin Papantonio Thomas Mitchell Rafferty & Proctor, P.A. (the "Levin Firm") have

25   extensive experience in the prosecution of consumer class actions, representing the interests of

26   consumers victimized by corporate wrongdoing.  Ex. A to the Declaration of Jeremiah Frei-

27

28

Pearson (Meiselman Firm resume); Ex. A to the Declaration of James L. Kauffman (Levin Firm resume).  Taken together, Nevada Plaintiffs' Counsel have, through numerous consumer class actions (both individually and as part of a coalition of other counsel), secured hundreds of millions of dollars on behalf of consumers, as set forth below.

> a.      **The Glancy Firm**

The Glancy Firm's Consumer Practice Group, led by partner Marc Godino, focuses on companies that reap millions of dollars in profits by misrepresenting their products or services, where class actions provide the only viable avenue for an individual to vindicate his or her rights as a consumer.  Mr. Godino and the Glancy Firm have taken a leading role in many significant federal and state consumer fraud cases throughout the country, and have obtained outstanding results for consumers.  *See, e.g.*, *Kelly v. Phiten USA, Inc*., Case No. 11-67 (S.D. Iowa) ($3.2 million dollar cash settlement in addition to injunctive relief); *Shin et al., v. BMW of North America*, Case No. 09-cv-00398, 2009 WL 2163509 (C.D. Cal. July 16, 2009) (after defeating a motion to dismiss, the case settled on very favorable terms for class members including free replacement of cracked wheels); *Payday Advance Plus, Inc. v. MIVA, Inc*., Case No. 06-1923 (S.D.N.Y.) ($3,936,812 cash settlement for class members); *Villefranche v. HSBC Bank Nevada, N.A*., Case No. 09-3693 (C.D. Cal.) (after defeating a motion to dismiss, the case resulted in 100% recovery to class members); *Esslinger, et al. v. HSBC Bank Nevada, N.A*., Case No. 10-03213 (E.D. Pa.) ($23.5 million settlement); *In re Discover Payment Protection Plan Marketing and Sales Practices Litigation*, Case No. 10-06994 (N.D. Ill) ($10.5 million settlement).

Courts throughout the country have recognized that the Glancy Firm has the experience and resources to successfully and efficiently prosecute consumer class actions and other complex actions as lead or co-lead counsel.  *See, e.g.*, *HCL Partners Ltd. Partnership v. Leap Wireless*

*Intern., Inc.*, No. 07-cv-2245 MMA, 2010 WL 4156342, at *2 (S.D. Cal. Oct. 15, 2010) (noting the "skill and effort" exhibited by the Glancy Firm); *Louisiana Mun. Police Employees Retirement System v. Sealed Air Corp.*, No. 03-cv-4372 (DMC), 2009 WL 4730185, at *8 (D.N.J. Dec. 4, 2009) (explaining that "Class Counsel [including the Glancy Firm] are highly skilled attorneys with substantial experience in class action litigation…."); *In re Mannkind Corp. Sec. Litig.*, Case No. 11-cv-0929-GAF (C.D. Cal. Dec. 21, 2012) (noting that the Glancy Firm were "seasoned litigators, and class counsel have litigated many other class actions.").

### b.  The Meiselman Firm

The Meiselman Firm is a highly accomplished class action law firm that was established more than 30 years ago.  The Meiselman Firm has been selected by the Bar Register of Pre-Eminent Lawyers, which includes less than one percent of attorneys nationwide.  The Meiselman Firm's partners have been recognized as "Super Lawyers" and have been selected by their peers as amongst the New York area's "Best Lawyers."  The firm's lawyers have been selected for admission to the Top Trial Lawyers in America™ and to the Litigation Counsel of America's Trial Lawyer Honorary Society.  Many of the firm's attorneys graduated with honors from top law schools, and previously practiced at prominent multinational law firms.

The Meiselman Firm's attorneys have been certified as class counsel and have prosecuted numerous class actions including:

1.    *Dupler v. Costco*, No. 06-CV-03141 (JFB) (E.D.N.Y.).  Nationwide class action settlement challenging Costco's backdating of late renewal memberships.

2.    *Davidson-Grodzian v. Bayer Healthcare LLC*, Civ. No. 08-6064 (WHW) (D.N.J.).  The Meiselman Firm has been appointed to the Executive Committee responsible for prosecuting the nationwide consumer fraud class action litigation concerning the deceptive sales practices committed by Bayer Healthcare LLC in connection with the marketing of certain aspirin products without the required regulatory approvals.

3.      *Llanos v. Shell Oil Co.*, 06-009404 (N.Y. Sup. Ct, Rockland Cty.).  The Meiselman Firm appointed class counsel in a consumer fraud class action challenging dormancy fees imposed upon Shell gift card holders.

4.      *In re Ticketmaster Sales Practice Litigation*, No.  CV 09-0912 ABC (JCX) (C.D. Cal.).  The Meiselman Firm has been appointed co-lead counsel in the nationwide consumer fraud litigation against Ticketmaster and TicketsNow.com.  The action alleges that the defendants' deceptive practices misled consumers into paying well above face value for tickets when tickets were available at face value.

5.      *Luks v. Empire Blue Cross/Blue Shield*, Index No. 03/64337 (N.Y. Sup. Ct. N.Y. Cty.).  Statewide class action brought on behalf of more than 1,000 surgeons that compelled insurer to revoke its policy, commonly referred to as the "single incision" policy, of refusing to cover certain medically appropriate surgical procedures.  The settlement resulted in millions of dollars of reimbursable claims being paid to New York surgeons.

6.      *Breedlove v. Window Rock Ent., Inc.*, 04 CC 00610 (Cal. Super. Ct. Orange Cty.).  Consumer class action challenging false and deceptive advertising for the popular diet supplement CortiSlim.  The case was resolved on a nationwide class basis, including the creation of a $6 million consumer redress fund.

7.      *Fox v. Cheminova, Inc.*, 00-5145 (E.D.N.Y.) Class action brought against pesticide manufacturer on behalf of commercial lobstermen on Long Island Sound, alleging destruction of lobster stock.  The court certified the class and approved a $15 million settlement.

The Meiselman Firm is developing an expertise in cases involving the wrongful disclosure of private information.  In addition to the instant matter, Jeremiah Frei-Pearson of the Meiselman Firm has been appointed Interim Co-Lead Counsel in *Saint Joseph Health Systems Medical Information Cases*, JCCP No. 4716 (Cal. Sup. Ct. 2012), a complex class action involving the disclosure of patients' medical information.  The Meiselman Firm also expects to play a significant role in the resolution of the Sutter Health disclosure, where the firm filed the case of *La Honta v. Sutter Health et al*, No. 34-2011-00114853 (Cal. Sup. Ct. 2011).  In *Sutter Health*, the Meiselman Firm is working on the discovery committee and has worked collaboratively with lead counsel (whom it did not challenge).  Accordingly, the Meiselman Firm is eminently qualified and prepared to serve as co-lead counsel in the instant litigation.

9

### c.     The Levin Firm

Similarly, the Levin Firm has extensive experience in consumer class actions and mass tort/product liability class action cases.  Over the past 25 years, the Levin Firm has received more than 75 jury verdicts in the amount of $1 million or more, including 12 jury verdicts in excess of $10 million, and two in excess of $450 million. The Levin Firm's attorneys have been appointed as class counsel and to leadership roles in numerous class actions including:

- *In re Accutane Products Liability Litigation*, MDL 1626 (M.D. Florida) (Co-Chair Discovery Committee)

- *In re Actos Product Liability Litig.*, MDL 2299 (W.D. La.) (Plaintiffs' Steering Committee)

- *In re Breast Implant Products Liability Litigation*, MDL 926 (Florida Liaison Counsel, Lead and Co-Lead Counsel on thousands of individual cases)

- *In re Chinese Drywall Prods. Liab. Litig.*, MDL 2047 (E.D. La.) (Plaintiffs' Steering Committee; Science Committee)

- *In re Cisco Systems, Inc., Securities & Derivative Litigation*, MDL 1527 (N.D. California) (Co-Lead Class Counsel, $99.8 million settlement in securities fraud class action)

- *In re Depuy ASR Prods. Liab. Litig.*, MDL 2197 (N.D. Ohio) (Plaintiffs' Steering Committee)

- *In re Fosamax Products Liability Litigation,* MDL 1789 (S.D. N.Y.) (PSC Lead Counsel)

- *In re Ortho Evra Products Liability Litigation*, MDL 1742 (N.D. Ohio) (Plaintiff's Steering Committee)

- *Oeulette v. Wal-Mart Stores, Inc.*, (FL 1st DCA) (Class counsel for Plaintiffs in wage and hour case, negotiated nationwide class settlement)

- *In re Vioxx Products Liability Litigation*, MDL 1657 (E.D. Louisiana) (Plaintiff Steering Committee, Co-Chair Discovery Committee, Science Committee, Lead and Co-Lead Counsel on hundreds of individual cases)

- *State of Florida v. American Tobacco Company*, CL-95-1466 (AH) (Palm Beach County, FL) (Founding and participating member of legal team representing State of Florida)

Notably, the Levin Firm has a position on both the Plaintiffs' Steering Committee and the Plaintiffs' Executive Committee for *In re Oil Spill by the Oil Rig "Deepwater Horizon"*, MDL 2179 (E.D. La.).  As a result of this continuing litigation, the firm has been appointed class counsel for two separate settlement classes valued by BP in excess of $8 billion.  Additionally, the Levin Firm currently represents the City of Reno in a matter concerning a municipal issuance against Goldman Sachs. Accordingly, the Levin Firm is qualified and prepared to serve as co-lead counsel in the instant litigation.

### d.      The O'Mara Firm (Liaison Counsel)

Finally, proposed liaison counsel, the O'Mara Law Firm, P.C. – based in Reno and located just down the street from the District of Nevada Courthouse – has served as co-lead or local plaintiffs' counsel in numerous other class actions, including: *International Brotherhood of Electrical Workers Local 697 v. IGT, et. al*, Case No. 3:09-cv-00419 (D. Nev.) (a settlement of $12,500,000 was obtained for the Settlement Class); *In Re MGM Mirage, Deriv. Litig.*, Case No. 2:09-cv-01815 (D. Nev.) (Co-Lead Counsel); *Thompson v. Direct General Corp., et. al*, Case No. 07-C-0026 (Tenn.) (Lead Counsel); *Opton v. Financial Federal Corp.*, Case No. 09-OC-00542 (1st Dist. Ct.); *Kolesnik v. Arena Resources*, Case No. CV10-01132 (2d Dist. Ct.); *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Yoseloff, et. al*, Case No. 2:07-cv-01215 (D. Nev); and *In re China Green Agriculture, Inc., Deriv. Litig.*, Case No. 10-OC-00562 (1st Dist. Ct.).

Additionally, the O'Mara Law Firm has represented clients in notable cases before the Nevada Supreme Court and the Ninth Circuit Bankruptcy Appellate Panel, including: *Saulle v.*

*Force Protection, et. al*, Case No. 60553 (shareholder action); *Loeb v. First Jud. Dist. Ct. (Universal Travel Group)*, Case No. 60242 (shareholder action); *Bero-Wachs v. Law Office of Logar & Pulver*, 123 Nev. 71 (2007); *Nevada State Democratic Party v. Nevada Republican Party*, 256 P.3d 1 (2011); *Becerra v. One Beacon Ins. Group*, Case No. 50708, 2009 WL 3426754 (unpublished); *In Re Terry L.*, Case No. No. 53959, 2010 WL 3276160 (unpublished); and *In re Lock Piatt*, Case No. NV-07-1319 (U.S. BAP, 9th Cir.).

As set forth above, Nevada Plaintiffs' Counsel have a proven track record of providing major relief for consumers in many significant national consumer class action cases.

### 3.     Counsel's Knowledge of the Applicable Law

Nevada Plaintiffs' Counsel have demonstrated a comprehensive knowledge of the applicable law. The Glancy Firm, the Levin Firm, and the Meiselman Firm all are highly experienced in Federal class action procedural law, while the O'Mara Firm is highly knowledgeable in Nevada law and applicable local rules and procedures. Moreover, as set forth above, each firm has served as counsel in numerous class actions involving consumer protection and the Meiselman Firm represents victims of data breaches in several class actions.

Although the Stevens Plaintiffs' Counsel tout their experience in prior data theft cases, other courts have recognized that "[e]xperience deriving from … other data theft cases is not critical at this stage before certification." *Hannaford Bros Co. Customer Data Security Breach Litig.*, 252 F.R.D. 66, 68 (D. Maine 2008) (declining to appoint Mr. Barnow and his team consisting of four co-lead counsel from Boston, Chicago, Miami and Philadelphia as interim lead counsel in a case based in Maine). Rather, the *Hannaford* court found more important for the purposes of appointing interim lead counsel was "proximity to [the court] and the expected central focus of discovery." *Id*.

Indeed, Nevada Plaintiffs' Counsel not only bring the benefit of physical proximity to the location of the Court and the likely "central focus of discovery" in this case (Zappos is headquartered in Nevada), Nevada Plaintiffs' Counsel also possess substantial knowledge of applicable law, making them the best qualified to serve as interim co-lead counsel, with the O'Mara Firm as liaison counsel. The firms have directly participated in the litigation and the recovery of substantial settlements on behalf of consumers injured by companies' malfeasance and/or breaches.  In addition, as set forth above, the O'Mara Firm serves or has served as liaison counsel for numerous out-of-town law firms prosecuting a variety of investor-related, consumer-related and other complex commercial and class action litigation pending in the Nevada State and Federal courts.[6]

Accordingly, the appointment of Nevada Plaintiffs' Counsel as interim co-lead counsel and the O'Mara Firm as liaison counsel will ensure that this action is adequately represented and that this litigation will proceed in an efficient and orderly manner.

### 4.    Counsel's Willingness and Ability to Commit Adequate Resources

Rule 23(g) also requires that this Court ensure that the class has competent counsel with access to the resources necessary to prosecute the class claims. As detailed in the Firm resumes, Nevada Plaintiffs' Counsel combined have over 50 experienced attorneys who are capable of prosecuting and available to prosecute this action on behalf of the class.  The instant application is supported by firms that collectively employ more than 100 attorneys.  Moreover, Nevada Plaintiffs' Counsel can and will continue to contribute all necessary resources for the benefit of the class.

---

[6] Nevada Plaintiffs' Counsel's application is also supported by the Las Vegas-based law firm of Winner & Carson, P.C.  Because Zappos is headquartered in Las Vegas, having counsel in that city may bring significant benefit to the class.

The importance of selecting well-capitalized law firms to represent the class' interests is even more evident when considering the resources and representation of the litigants on the other side of the bar. The defendants in this action, the Company and its parent, Amazon.com, are all well-capitalized litigants who have retained highly competent, aggressive and high-profile counsel.  Zappos has retained Stroock, Stroock & Lavan LLP, a multinational defense firm with more than 750 lawyers, and the Morris Law Group, a respected Nevada law firm.  The attorneys representing Zappos have litigated tenaciously, and will continue to do so for the pendency of this case.  In order to ensure that the class is best represented against this impressive collection of counsel on the other side of the bar, the class needs aggressive, well-capitalized advocates willing to litigate this case effectively to its conclusion, up to and including trial, if necessary. Nevada Plaintiffs' Counsel possess the unique qualifications to fulfill this important role.

The Judicial Panel on Multidistrict Litigation ("JPML") agreed with the Nevada Plaintiffs' legal reasoning and transferred the case to this Court.[7]  Nevada Plaintiffs' Counsel include local liaison counsel, David O'Mara, who already has appeared on behalf of the Consolidated Nevada Plaintiffs at both court appearances.  Working with competent local counsel benefits plaintiffs and the class in many ways, not the least of which is that capable Nevada attorneys will reduce plaintiffs' cost and attorneys' fees.  For example, when the Court scheduled a Case Management Conference, Mr. O'Mara ably represented the Consolidated Nevada Plaintiffs, with other counsel for the Consolidated Nevada Plaintiffs avoiding unnecessary travel costs by appearing telephonically.

---

[7] Messrs. Barnow and Coffman unsuccessfully argued that this multidistrict litigation should have been sent to the Western District of Kentucky.  Other attorneys argued that this case should be sent to Florida.  Significantly, after the JPML issued its ruling, attorneys in a majority of cases (including those arguing for Florida) have worked collaboratively with Nevada Plaintiffs' Counsel to advance the best interests of the class.

By contrast, Messrs. Barnow and Coffman are both located out of state and would need to travel for any hearing that may be attended by Mr. O'Mara.  Although the JPML ordered that the Kentucky cases should be transferred to Nevada more than six months ago, to date Messrs. Barnow and Coffman have chosen not affiliate with any Nevada counsel.  In their application, the Stevens Plaintiffs' Counsel proposed no local liaison counsel located in any convenient proximity either to the Court or to Defendant's location in Las Vegas.  If Messrs. Barnow and Coffman were appointed lead, their decision not to affiliate with Nevada counsel could substantively disadvantage the class and may cause the class to bear unnecessary expenses.

Mr. Barnow and Mr. Coffman, who are seeking also seeking leadership, bring fewer resources that the Nevada Plaintiffs' counsel, as their firms appear to consist of approximately five attorneys.[8]  Mr. Barnow's firm is small and does not maintain a website,[9] while the Coffman Law Firm appears to consist of two attorneys.[10]  *See, e.g.* Exhibit 1 to the *Stevens* Plaintiffs' Application for Appointment of Interim Co-Lead Class Counsel, Dkt. No. 70-1 (attaching Barnow and Coffman firm resumes).   Indeed, other courts have explicitly questioned the relative resources available to Mr. Barnow, even when supported by other counsel.  *See, e.g., In re: National Ass'n of Music Merchants, Musical Instruments and Equipment Antitrust Litig.*, Case No. 10-cv-0755-LAB-POR (S.D. Cal. June 28, 2010) (in its Order Appointing Lead-Liaison

---

[8] Mr. Coffman's firm appears to employ two attorneys: Mr. Coffman and his wife, Sonya Coffman.  It appears that Mr. Barnow's firm employs three associates.  *See* Ex. C to the Declaration of Jeremiah Frei-Pearson.

[9] That Mr. Barnow's firm does not maintain a website is peculiar given his self-proclaimed expertise in data and internet security.  In any case, Mr. Barnow's lack of an internet presence means that his firm is less accessible to class members and their concerns.

[10] Moreover, Mr. Coffman already serves as lead counsel on two large data breach class action. *See* MDL No. 2360, *In Re:  Science Applications International Corporation Backup Tape Data Theft Litigation* (D.D.C.); MDL No. 2046, *In re Heartland Payment Systems, Inc. Customer Data Security Breach Litigation* (S.D. Tex.).  Although Mr. Coffman is a capable lawyer, his responsibilities are already quite significant for a two person law firm.

Counsel, the court explained that "[the Barnow] firm's resources, even when supported by co-counsel, would not be adequate to assure the speedy and efficient preparation of these cases for trial if Barnow were appointed as lead-liaison counsel.") (*see* Glancy Decl., Ex. B).

The Consolidated Nevada Plaintiffs have been able to work effectively and collaboratively with counsel in a majority of cases that were not filed in Nevada.   In contrast, Mr. Barnow has proven himself to be particularly difficult for counsel to work with on a number of occasions.[11]   Mr. Barnow often uses incendiary, vitriolic language toward co-counsel and makes unreasonable and/or unnecessary demands of co-counsel.  His offensive and difficult behavior simply is not conducive to serving as efficient and productive interim lead counsel. *See* Declarations of Lionel Glancy (the "Glancy Decl."), Jeremiah Frei-Pearson ("Frei-Pearson Decl.") and James L. Kauffman (the "Kauffman Decl."), filed concurrently herewith.

Accordingly, the Nevada Plaintiffs' Counsel respectfully submit that they are the most competent counsel with access and willingness to commit the necessary resources to the prosecution of the Class' claims.

### C.    Appointment of a Lead Plaintiff is Unnecessary, but the Consolidated Nevada Plaintiffs Are Prepared to Act in This Capacity

This Court is not obligated to appoint a "lead plaintiff" or "lead plaintiffs" in addition to lead counsel. Indeed, interim lead counsel often are appointed in class actions without appointing a lead plaintiff. Nonetheless, should the Court decide to appoint a lead plaintiff or plaintiffs at this time, the Consolidated Nevada Plaintiffs respectfully request that they be appointed lead plaintiffs.  If appointed lead plaintiffs, the Consolidated Nevada Plaintiffs will continue to

---

[11]The Consolidated Nevada Plaintiffs' Counsel have found Mr. Coffman to be a fine lawyer with a temperament conducive to cooperation and collaboration, and have no issue with the temperament of other lawyers associated with Mr. Barnow.

vigorously prosecute these claims on behalf of the class and are willing and capable of performing that role.

### III.   CONCLUSION

For the reasons set forth above, the Consolidated Nevada Plaintiffs respectfully request that the Court appoint Counsel for the Consolidated Nevada Plaintiffs as interim co-lead counsel and the O'Mara Firm as liaison counsel in this case.

Dated:  January 4, 2013

By: */s/ Marc L. Godino*
Michael Goldberg (*pro hac vice*)
Marc L. Godino (*pro hac vice*)
**GLANCY BINKOW & GOLDBERG LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
info@glancylaw.com

***Proposed Interim Lead Counsel For Plaintiffs And The Putative Class***

David C. O'Mara
**The O'Mara Law Firm, P.C.**
311 E. Liberty Street
Reno, NV 89501
Telephone: (775) 323-1321
Facsimile: (775) 323-4082
david@omaralaw.net

***Proposed Interim Liaison Counsel For Plaintiffs And The Putative Class***

Peter J. Mougey (*pro hac vice*)
James L. Kauffman (*pro hac vice*)
**LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR, P.A.**
316 South Baylen Street, Suite 600
Pensacola, Florida  32502-5996
Telephone:  (850) 435-7068
Facsimile:   (850) 436-6068
pmougey@levinlaw.com
jkauffman@levinlaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

D. Greg Blankinship (*pro hac vice*)
Jeremiah Frei-Pearson (*pro hac vice*)
**MEISELMAN PACKMAN NEALON SCIALABBA**
**& BAKER, P.C.**
1311 Mamaroneck Avenue
White Plains, New York 10605
Tel: (914) 517-5000
Fax: (914) 517-5055
jcarton@mdpcelaw.com
gblankinship@mdpcelaw.com
jfrei-pearson@mdpcelaw.com

Brent Carson
**WINNER & CARSON**
510 S. Eighth Street
Las Vegas, NV 89101
Tel: (702) 471-1111
Fax: (702) 471-0110
bac@winnercarson.com

J. Andrew Meyer (to be admitted *pro hac vice*)
**Morgan & Morgan, P.A.**
One Tampa City Center, 7th Floor
Tampa, Florida  33602
Telephone:  (813) 223-0955
Facsimile:   (850) 223-5402
dcharlip@charliplawgroup.com

Reginald V. Terrell (to be admitted *pro hac vice*)
**The Terrell Law Group**
PO Box 13315, PMB# 148, CA 94661
Oakland, CA 94661
reggie2@aol.com

David H. Charlip (to be admitted *pro hac vice*)
**Charlip Law Group, LLC**
17501 Biscayne Blvd., Suite 510
Aventura, Florida  33160
Telephone:  (305) 354-9313
Facsimile:   (305) 354-9314
dcharlip@charliplawgroup.com

*Counsel   for   the   Consolidated   Nevada*
*Plaintiffs and the Putative Class*

1

## **CERTIFICATE OF SERVICE**

2

        This is to certify that on January 4, 2013, I caused to be electronically filed the foregoing

3
with the Clerk of Court using ECF.   Accordingly, I also certify that the foregoing are being

served this day on counsel of record via transmission of Notices of Electronic Filing generated

4
by CM/ECF.

5

6                                                                                    */s/ Marc L. Godino*
                                                                                    Marc L. Godino

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28