**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE ZAPPOS, INC., SECURTIY BREACH LITIGATION | 3:12-cv-00325-RCJ-VPC<br><br>**ORDER** |

Pending before the Court are Plaintiffs' Motion to Enforce Settlement (ECF No. 207) and Motions to Extend Time (ECF Nos. 220, 223), Defendant's Motion Request for Oral Argument (ECF No. 214) as well as a Motion to Seal filed by each party. (ECF Nos. 206, 210).

**I.      FACTS AND PROCEDURAL HISTORY**

This litigation arises from the security breach suffered by Defendant Zappos, Inc. The Plaintiffs are Zappos customers who allege that their sensitive information was compromised as a result of the breach. The parties have been litigating this case for about two years. On June 18, 2014, the parties jointly stipulated to stay the proceedings pending the outcome of mediation efforts. (ECF No. 192). The parties engaged in mediation on July 30, 2014, and while progress was reportedly made, no settlement was reached. (ECF No. 195).

Negotiations continued outside of mediation and on August 6, 2014, the parties again stipulated to a stay of the case until the settlement could be finalized, representing to the Court that substantial progress had been made toward settlement. (ECF No. 196). Another stay was jointly requested on September 17, 2014, which the Court granted, as the parties indicated that they were very close to settlement. (ECF No. 201). The stipulation also stated that the parties were scheduled to participate in another mediation session on November 12, 2014. (*Id.*). Based

on this representation, the Court denied without prejudice Zappos's motion to dismiss the case. The case was then stayed until January 30, 2015. (ECF No. 205).

Prior to the November 12, 2014 mediation, the parties reached an agreement on class-wide relief but sought an additional mediation session to negotiate the amount of attorneys' fees and other expenses that Plaintiffs' counsel would request from the Court.  The terms of the class-wide relief, as well as other substantive provisions, were reduced to writing in a Memorandum of Understanding ("MOU").  Multiple drafts of the MOU were exchanged between the parties.  On November 3, 2014, Zappos's attorneys sent Plaintiffs' counsel a revised copy of the MOU, which included completed provisions governing class-wide relief, but which left blank the amounts that would be sought as attorneys' fees. (Draft MOU 6, ECF No. 209-1, Ex. F).  Plaintiffs' counsel reviewed the proposed MOU and made some minor changes.  First, in the space for attorneys' fees they input "TBD," and second, as part of the heading for the relevant section, they included the phrase "TO BE DETERMINED AND INSERTED UPON AGREEMENT AT MEDIATION." (Pls.' MOU 6, ECF No. 208-1).  Other grammatical changes were also made.  On November 5, 2014, Plaintiffs' counsel signed the MOU and returned it to Zappos's counsel, who did not sign the document.

Once the signed MOU was received, Zappos's counsel requested a demand for attorneys' fees from Plaintiffs' counsel in preparation for the November 12, 2014 mediation. (Strickland Decl. ¶ 17, ECF No. 209-1, Ex. 1).  The request was renewed on November 7, 2014 when Zappos's counsel asked the mediator to determine what the fee demand would be. (Counsel's Email, ECF No. 209-1, Ex. G).  On November 10, 2014, the mediator obtained and conveyed the requested fee amount to Zappos's counsel. (Strickland Decl. ¶ 18).  Zappos's counsel found that the amount of fees sought was "extravagant" and determined that the scheduled mediation would

be unproductive based on how far apart the parties were on the issue of fees and costs. (*Id.* ¶ 19; *see also* Counsel Communication, ECF No. 209-1, Ex. H). Word was sent via the mediator that if Plaintiffs' counsel did not reduce the initial fee demand, Zappos's counsel would not attend the mediation session. Although telephonic appearances were made, no fee agreement was reached.

Zappos's counsel engaged in at least one additional mediation caucus with the mediator, through telephonic appearance, but further progress was not made on the fee demand cap that would be included in the settlement agreement. Thereafter, the mediator informed Plaintiffs' counsel that mediation was concluded and that "Zappos intends to litigate this case." (Mediator Communication, ECF No. 209-1, Ex. J). On January 30, 2015, Zappos's filed a renewed motion to dismiss the second amended complaint. (ECF No. 217). Plaintiffs then requested that the Court grant an extension to the deadline for responding to that motion and Zappos's motion to strike until the Court ruled on the present Motion.

## II.     DISCUSSION

Under Nevada law, a settlement agreement is a contract that is governed by the principles of contract law. *Mack v. Estate of Mack*, 206 P.3d 98, 108 (Nev. 2009). "Basic contract principles require, for an enforceable contact, an offer and acceptance, meeting of the minds, and consideration." *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005). An enforceable contract is formed "when the parties have agreed to the material terms, even though the contract's exact language is not finalized until later." *Id.*

However, "[a] contract cannot exist when material terms are lacking or are insufficiently certain and definite." *Id.* Rather, there must be a meeting of the minds, which "exists when the parties have agreed upon the contract's essential terms." *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 255 (Nev. 2012). What constitutes an "essential term" of an agreement

3

"varies with the nature and complexity of the case and must, therefore, be determined on a case-by-case basis." *May*, 119 P.3d at 1258.  Further, "[w]hich terms are essential 'depends on the agreement and its context and also on the subsequent conduct of the parties, including the dispute which arises and the remedy sought.'" *Certified Fire Prot. Inc.*, 283 P.3d at 255.

In this case, the Court finds that the MOU does not embody a binding settlement contract because the parties failed to have a "meeting of the minds" on an essential term of the agreement—attorneys' fees.  The facts here persuade the Court that the amount of Plaintiffs' fee demand was a material and essential term of the agreement.  First, the parties exchanged multiple draft copies of the MOU and Zappos rejected earlier versions of the document that failed to include language that set a cap at the amount of fees that Plaintiffs would request. (*See* Oct. 6, 2014 Draft 6, ECF No. 209-1, Ex. D).  The various versions of the MOU make it clear that Zappos would not move forward with the settlement until a cap was placed on the amount of fees sought. (*See* Nov. 5, 2014 Draft 6, ECF No. 209-1, Ex. F (substituting the language "not to exceed" for "subject to a cap of").

Second, Zappos's counsel requested Plaintiffs' fee demand multiple times throughout the course of the settlement negotiations and communicated that the fee demand issue was an important topic that needed to be resolved. (Strickland Decl. ¶¶ 3, 4, 6, 7, 9, 10, 17; *see also* Sept. 8, 2014 Email, ECF No. 209-1, Ex. B).  And third, despite having the terms of the class-wide relief resolved, the parties still found it necessary to schedule a separate mediation session to negotiate the fee demand.  The purpose of the November 12, 2014 mediation is reflected in Plaintiffs' signed copy of the MOU in which Plaintiffs' counsel altered the heading of the relevant section, stating that the amount of attorneys' fees was "TO BE DETERMINED AND INSERTED UPON AGREEMENT AT MEDIATON." (Pls.' MOU 6, ECF No. 208-1).

4

Indeed, the Court finds it unlikely that Plaintiffs' counsel would schedule a mediation session and then travel from all across the country to personally attend that session unless the subject of the mediation was material to the settlement agreement.

Furthermore, neither Zappos nor its counsel signed the version of the MOU that was sent to Plaintiffs and to which Plaintiffs' counsel subsequently made certain changes. Although the changes were not necessarily significant, it would be unfair to hold Zappos to an agreement that was unsigned where the document clearly appears to not be a final draft, given that the amounts of attorneys' fee and costs were not included. Surely Zappos was not giving Plaintiffs a "blank check" to fill in any fee cap that Plaintiffs' counsel thought justified. The fact that Zappos's counsel left the lines blank for "attorneys' fees, litigation expenses and costs" as well as for the "incentive award" screams that the MOU was still in draft form and not a finalized agreement representing a meeting of the minds on all essential terms. *See May*, 119 P.3d at 1257.

The Court cannot compel compliance with a settlement agreement when the "material terms are left uncertain." *Id.* Therefore, the Court finds that the MOU does not constitute an enforceable settlement document because it omits caps on the amount of attorneys' fees Plaintiffs are entitled to seek, which appears from the record to be an important element to the settlement in this particular class-action lawsuit. *See id.* at 1258 (stating that terms are material if "[t]hey are an important reason why a party enters into a settlement agreement"). Plaintiffs' Motion to Enforce Settlement is DENIED.

///

///

///

///

5

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiffs' Motion to Enforce Settlement (ECF No. 207) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Seal (ECF No. 206) is GRANTED.

IT IS FURTHER ORDERED that Zappos's Motion to Seal (ECF No. 210) is GRANTED.

IT IS FURTHER ORDERED that Zappos's Motion Request for Oral Argument (ECF No. 214) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiffs' Motions for Extension of Time (ECF No. 220, 223) are GRANTED.  Plaintiffs' responses to Zappos's Motion to Dismiss (ECF No. 217) and Motion to Strike (ECF No. 219) are due thirty (30) days from the entry of this Order.

IT IS SO ORDERED.

Dated: March 27, 2015

_____
ROBERT C. JONES
United States District Judge