# Exhibit 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (as defined below) is made by and between Plaintiffs (as defined below), on their own behalf and on behalf of the Settlement Class (as defined below), on the one hand, and Zappos (as defined below), on the other hand.  Zappos and Plaintiffs hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement (as defined below) and upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all claims of Plaintiffs and the Settlement Class Members (as defined below) in the Actions (as defined below), shall be settled, compromised and released upon the terms and conditions contained herein.

## I.   RECITALS

This Agreement is made with reference to and in contemplation of the following facts and circumstances:

A.    On September 28, 2015, Plaintiffs filed the TAC (as defined below) in the MDL (as defined below), and the TAC is the operative complaint in the MDL and every Action contained therein.

B.    In the MDL, Plaintiffs allege that Zappos violated various state laws, including, without limitation, California Business & Professions Code § 17200 et seq., California Civil Code §§ 1798.29, 1798.80, et seq., California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 et seq., Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.204(1) et seq., Michigan Consumer Protection Act, M.C.P.L.A. § 445.903(1) et seq., Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. § 598.0903 et seq., New York Business Law, N.Y. Gen. Bus. Law §§ 349(a), 598.0915 et seq., Texas Deceptive Trade Practices/Consumer Protection Act, Tex. Bus. & Com. Code §§ 17.46, 17.50 et seq. and Massachusetts Consumer Protection Law, Mass. Gen. Laws ch. 93A, and breached various state data breach notification statutes,

breached its contract with Plaintiffs and acted negligently by purportedly failing to protect Plaintiffs' personal identifying information from unauthorized disclosure in connection with a data incident in January 2012.

C.      The Attorneys General of Arizona, Florida, Kentucky, Maryland, Massachusetts, North Carolina, Ohio and Pennsylvania, as well as the Connecticut Commissioner of Consumer Protection (each, individually, an "Attorney General" and, collectively, the "Attorneys General"), investigated the data incident giving rise to the Actions.  The Attorneys General's investigation concluded with Zappos executing an Assurance of Voluntary Compliance or Assurance of Discontinuance with each Attorney General (the "Assurances") in or about January 2015.  The Assurances imposed certain obligations on Zappos during the 2015-2017 time period and required, among other things, that Zappos:  (1) retain an independent, third party to perform an information security audit of Zappos's security of Personal Information (as defined in the Assurances) and provide a copy of the audit to the Attorneys General; (2) take corrective action to resolve deficiencies, if any, or implement recommendations, if any, identified during the audit; and (3) maintain and comply with its policies and procedures relating to information security. Zappos represents that no enforcement measures were taken against Zappos pursuant to the Assurances and that Zappos implemented reasonable procedures designed to prevent recurrence of the specific vulnerabilities that led to the January 2012 data incident.

D.      Zappos vigorously denies all claims asserted in the Actions, including, without limitation, that any full credit card numbers were exfiltrated during the data incident, and denies all allegations of wrongdoing and liability (and Zappos believes all such allegations are factually and legally meritless).  Zappos desires to settle the Actions on the terms set forth herein solely

for the purpose of avoiding the burden, expense, risk and uncertainty of continuing these proceedings.

E.     Plaintiffs and Class Counsel (as defined below) have determined that a settlement of the Actions on the terms set forth in this Agreement is fair, reasonable and adequate, and is in the best interest of the Settlement Class.

F.     This Agreement results from and is the product of extensive, good faith, arm's length negotiations.  The Parties participated in three mediation sessions before the Honorable Edward A. Infante (Ret.) of JAMS on July 30, 2014, November 12, 2014, and November 21, 2014.  The Parties thereafter continued to actively litigate the MDL, including filing appeals to the United States Court of Appeals for the Ninth Circuit and the United States Supreme Court, before resuming settlement discussions in July 2019.

G.     Plaintiffs and Class Counsel have investigated the facts and law underlying the claims asserted in the MDL.  Plaintiffs and Class Counsel requested, in both formal and informal discovery, and Zappos produced in response, information, documents and data pertaining to the claims.  Zappos also propounded written discovery on Plaintiffs, to which Plaintiffs responded. Over the last seven years, motions were thoroughly briefed and ruled upon by the Court, and appellate proceedings occurred through the level of the United States Supreme Court.  Class Counsel also engaged in numerous discussions with Defendant's Counsel regarding the claims asserted in the MDL.

H.     As a result of these significant efforts, the Parties enter into this Agreement, subject to the Court's preliminary and final approval as Federal Rule of Civil Procedure 23 requires, to fully, finally and forever resolve, discharge and release the Released Claims (defined below) of Plaintiffs and the Settlement Class Members in exchange for the benefits provided by

this Settlement, including Zappos's agreement to issue Discount Codes (defined below), as set forth in Section III(F) below.

      I.     The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the full, complete and final settlement and compromise of all claims, subject to the Court's approval. This Agreement is inadmissible as evidence against any Party except to enforce the terms of the Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement. Nor is it an admission that certification of a litigation class is appropriate, were the Actions to be litigated instead of settled.

      J.     It is the Parties' desire and intention to effect a full, complete and final settlement and resolution of all Released Claims in all of the Actions.

      K.     Zappos represents that the consideration provided for in this Agreement is in addition to and not in substitution of any other sales, discounts or other program presently planned or to be planned or offered by Zappos.

      **NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, the Parties agree to the Settlement, subject to approval by the Court, as follows:

## II.   <u>DEFINITIONS</u>

      A.     In addition to any terms defined elsewhere within this Agreement, the following defined terms apply throughout this Agreement and the Exhibits attached hereto, which are integrated as part of this Agreement and are incorporated herein by reference:

      1.     "Actions" means the MDL and the following cases: <u>Theresa D. Stevens v. Amazon.com, Inc.</u>,W.D. Ky. Case No. 3:12-00032, D. Nev. Case No. 3:12-cv-00339; <u>Stacy Penson v. Amazon.com, Inc.</u>, W.D. Ky. Case No. 3:12-00036, D. Nev. Case No. 3:12-cv-00340; <u>Tara J. Elliott, Brooke C. Brown, and Christa Seal v. Amazon.com, Inc.</u>, W.D. Ky. Case No.

3:12-00037, D. Nev. Case No. 3:12-cv-00341; <u>Dahlia Habashy v. Amazon.com, Inc.</u>, D. Mass. Case No. 1:12-10145, D. Nev. Case No. 3:12-cv-00338; <u>Stephanie Priera and Patti Hasner v. Zappos.com, Inc.</u>, D. Nev. Case No. 2:12-00182; <u>Shari Simon v. Amazon.com, Inc.</u>, D. Nev. Case No. 2:12-00232; <u>Robert Ree v. Amazon.com, Inc., dba Zappos.com</u>, D. Nev. Case No. 3:12-00072; and <u>Zetha Nobles v. Zappos.com, Inc.</u>, N.D. Cal. Case No. 12-cv-03131, D. Nev. Case No. 3:12-cv-00392.

2.      "Agreement" and "Settlement Agreement and Release" mean this document and the exhibits hereto.

3.      "Attorneys General" has the meaning set forth in Section I(C) above.

4.      "Assurances" has the meaning set forth in Section I(C) above.

5.      "CAFA Notice" means the notice requirements imposed by 28 U.S.C. § 1715(b).

6.      "Class Counsel" means Ben Barnow (Barnow and Associates, P.C.), Jeremiah Frei-Pearson (Finkelstein, Blankinship, Frei-Pearson & Garber, LLP), Marc Godino (Glancy Prongay & Murray, LLP), and Richard Coffman (The Coffman Law Firm).

7.      "Class Period" means any time before January 15, 2012.

8.      "Court" means the United States District Court for the District of Nevada.

9.      "Defendant" or "Zappos" mean Zappos.com LLC, formerly known as Zappos.com, Inc.

10.     "Defendant's Counsel" or "Defense Counsel" mean Stroock & Stroock & Lavan LLP.

11.     "Discount Code" means the individualized, single-use, ten percent (10%) discount code off of a single, future online purchase on Zappos.com (or via the Zappos.com

mobile app) of goods (exclusive of shipping costs and taxes), to be provided to each Settlement Class Member as set forth in Section III(E)(1) below.

12.    "Effective Date" means the date by which all of the following events and conditions have occurred and been met: (i) the Court has entered the Final Approval Order and judgment thereon; and (ii) the time to appeal or seek permission to appeal from the Final Approval Order has expired or, if appealed, the appeal has been dismissed in its entirety, or the Final Approval Order has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review.   Notwithstanding the foregoing, an appeal limited to issues relating to attorneys' fees, costs and/or service awards shall not delay the occurrence of the Effective Date with respect to the releases set forth in Section III(F) below.

13.    "Email Notice" means the notice that will be provided via email, pursuant to Section III(E)(1) of this Agreement below and subject to the Court's approval, to the individuals in the Settlement Class, the proposed form of which is attached hereto as Exhibit A.

14.    "Exclusion and Objection Deadline" means eighteen (18) days before the Final Approval Hearing.

15.    "Final Approval Hearing" means the date of the hearing when the Court considers the Parties' request to enter the Final Approval Order granting final approval of the Settlement and to determine the amount of fees, costs and expenses awarded to Class Counsel and the amount of the service awards to the Class Representatives.

16.    "Final Approval Order" or "Final Approval" means the order and judgment that the Court enters upon finally approving the Agreement in connection with the Final Approval Hearing, the proposed form of which is attached hereto as Exhibit D.

17.     "Long-Form Notice" means the notice that will be posted on the Settlement Website, pursuant to Section III(E)(2) of this Agreement and subject to the Court's approval, the proposed form of which is attached hereto as Exhibit B.

18.     "MDL" means the multi-district litigation entitled In re:  Zappos.com, Inc. Customer Data Security Breach Litigation, United States District Court, District of Nevada, Case No. 3:12-cv-00325-RCJ-VPC, MDL No. 2357, within which all of the other Actions have been centralized, coordinated and/or consolidated.

19.     "Notice Date" means the date by which the Settlement Administrator disseminates the Email Notice as provided in Section III(E)(1) of the Agreement.

20.     "Notice Program" means the notice that will be provided pursuant to Section III(E) of this Agreement and subject to the Court's approval.

21.     "Other Plaintiffs' Counsel" means Timothy G. Blood (Blood, Hurst & O'Reardon, LLP) and David C. O'Mara (O'Mara Law Firm, PC).

22.     "Party" means Zappos or Plaintiffs; "Parties" means Zappos and Plaintiffs.

23.     "Plaintiffs" and "Class Representatives" mean plaintiffs Theresa D. Stevens, Denise Relethford, Emily E. Braxton, Stephanie Preira (also known as Stephanie Huppert), Robert Ree, Patti Hasner, Dahlia Habashy (also known as Dahlia Bonzagni), Katharine Vorhoff and Shari Simon.

24.     "Preliminary Approval Order" means the order that the Court enters upon preliminary approval the Settlement, the proposed form of which is attached hereto as Exhibit C.

25.     "Preliminary Approval" means the date that the Court enters the Preliminary Approval Order.

7

26.     "Released Claims" means any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether known or unknown, including, without limitation, claims of negligence, negligent misrepresentation, breach of contract, public disclosure of private facts, violations of Cal. Bus. & Prof. Code § 17200 et seq., Cal. Civ. Code §§ 1798.29 & 1798.80, Cal. Civ. Code § 1750 et seq., Fla. Stat. Ann. § 501.204(1) et seq., Mass. Gen. Laws ch. 93A, M.C.P.L.A. §§ 445.903(1)(c), 445.903(1)(e), 445.903(1)(s) & 445.903(1)(cc), Nev. Rev. Stat. §§ 598.0903, 598,0915(5), 598.0915(15) & 598.0923(2), N.Y. Gen. Bus. Law §§ 349, 598.0915(5) & 598.0915(7), Tex. Bus. & Com. Code §§ 17.46(a), 17.46(b)(5), 17.46(b)(7) & 17.50(a)(3) and unjust enrichment, whether arising under local, state or federal law, whether by Constitution, statute, contract, rule, regulation, any regulatory promulgation (including, without limitation, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory concerning the Released Parties' conduct, policies, or practices, arising from, related to, connected with, or described in the Actions that were alleged or could have been alleged in the Actions, the TAC or any other pleading or other document filed in the Actions, whether the claims are brought directly or indirectly by or on behalf of any Settlement Class Member in an individual or class action, representative action or in any other capacity, with respect to any form of relief, including without limitation damages, restitution, disgorgement, penalties, injunctive relief, or declaratory relief.

27.     "Released Parties" means Zappos and all of its present, former and future officers, directors, partners, employees, agents, attorneys, servants, heirs, administrators, executors, members, member entities, predecessors, successors, subsidiaries (direct and indirect),

parents (direct and indirect) (including, but not limited to, Amazon.com, Inc. and its direct and indirect subsidiaries), affiliates (controlling, controlled by or under common control with Zappos), representatives, trustees, principals, insurers, vendors and assigns.

28.    "Releasing Parties" means Plaintiffs and each Settlement Class Member, their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and all those acting on their behalf.

29.    "Request for Exclusion" means the written communication that may be submitted to the Settlement Administrator by an individual in the Settlement Class who wishes to be excluded from the Settlement Class.

30.    "Settlement" means the settlement into which the Parties have entered to resolve the Action, as set forth in this document and the exhibits hereto.

31.    "Settlement Administrator" means the third-party administrator KCC LLC, subject to the Court's approval, and any substitute administrator that might be selected or appointed.

32.    "Settlement Class" means all natural persons or legal entities who had a Zappos.com account at any time on or prior to January 15, 2012, and for whom Zappos had an email address for the account in its records at that time.  Excluded from the Settlement Class are: (a) individuals who are or were during the Class Period officers or directors of Zappos or any of its subsidiaries or affiliates; (b) any justice, judge, magistrate judge or law clerk of the Court, the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; and (c) all governmental entities.

33.    "Settlement Class Member" means any natural person or legal entity within the Settlement Class, except for such natural persons or entities that timely and validly

exclude themselves from the Settlement pursuant to the procedures set forth in Section III(H)(1) below and in the Preliminary Approval Order.

34.    "Settlement Website" means the website dedicated to the Settlement, as established by the Settlement Administrator.

35.    "Substitute Code" means a substitute Discount Code, which the Settlement Administrator will provide to a qualifying Settlement Class Member as set forth in Section III(C)(7) below.

36.    "TAC" means the Third Amended Complaint filed in the MDL on September 28, 2015.

37.    "Transferee" means the natural person to whom a Settlement Class Member transfers his, her or its Discount Code in accordance with Section III(C)(6) below.

38.    "Zappos Terms and Conditions" means the terms of use and all other policies (including but not limited to privacy policies) set forth on the Zappos.com website (for those redeeming Discount Codes via the website) or in the Zappos.com mobile app (for those redeeming Discount Codes via the mobile app).

## III.    **TERMS OF THE SETTLEMENT**

A.    <u>Conditional Certification of the Settlement Class</u>.  Solely for the purposes of settlement, providing Email Notice and implementing this Agreement, the Parties agree to conditional certification of the Settlement Class.  Exclusively for that purpose, the Parties stipulate, subject to Court approval, to the conditional appointment of Class Counsel, and the conditional appointment of Plaintiffs as suitable Class Representatives for the Settlement Class.

B.    <u>Preliminary Approval Motion</u>.  Within ten (10) days following complete execution of this Agreement, Plaintiffs will file this Agreement with the Court and move the Court for entry of the Preliminary Approval Order in the form attached hereto as Exhibit C.

C.    The Discount Code Program.

1.    Distribution of Discount Codes.    The Settlement Administrator will include one Discount Code within each Email Notice sent to each Settlement Class Member.  To the extent a Settlement Class Member's email address is no longer valid for any reason, neither Zappos nor the Settlement Administrator shall be required to perform any further search to update invalid email addresses.

2.    Use of Discount Codes; No Cash Value.    A Discount Code or Substitute Code may only be used on a single future order to a single shipping address.  The single order may include multiple items and premium products (subject to limitations on product supply, availability or deliverability beyond Zappos's reasonable control), but otherwise there is no restriction on the total dollar amount of the order.  The Discount Code or Substitute Code may not be combined on the same order with any other Discount Code, Substitute Code, other discount or coupon, but may be used to purchase price-reduced goods and sale goods.  The Discount Code may not be used for gift cards, previous purchases, shipping costs or taxes.  For price-reduced or sale goods, the ten percent (10%) discount shall be calculated against the lowest price (i.e., the reduced or sale price) and not the original list price.  Nothing in this Settlement supersedes applicable law pertaining to sales or use taxes, and to the extent that any Discount Code or Substitute Code transaction is subject to tax, the user of the Discount Code or Substitute Code shall be responsible for the payment of any and all taxes. The Discount Codes and Substitute Codes have no cash value and Zappos has no obligation to redeem them for cash.

3.    Return Policy.    Settlement Class Members shall be allowed to return goods purchased with a Discount Code or Substitute Code, subject to Zappos's standard return policy, but in no event will a Settlement Class Member be entitled to a refund exceeding his, her

or its out of-pocket (i.e., post-discount) expense.  If a Settlement Class Member returns goods, the Settlement Class Member will not receive another Discount Code or Substitute Code.  In the event a Settlement Class Member uses a Discount Code or Substitute Code to purchase a gift, the Settlement Class Member shall be obligated to inform the recipient of the gift of the limitations on refunds for returns.

      4.   <u>Legal Effect of Use of Discount Code or Substitute Code</u>.  Use of a Discount Code or Substitute Code shall be deemed conclusive evidence that the Settlement Class Member has read and agrees to the Zappos Terms and Conditions as of the date the Discount Code or Substitute Code is used.  By using a Discount Code or Substitute Code, or by transferring a Discount Code (whether for value or gratuitously), a Settlement Class Member waives any right to request exclusion from the Settlement, as detailed in Section III(H)(1) below, and is deemed to have withdrawn any previously-submitted Request for Exclusion. Additionally, if the Settlement is not finally approved and litigation of the Actions (or any of them) resumes (or if any new litigation based on any of the theories presented in the Actions is commenced) then Zappos will be entitled to a credit or credits against any future judgment or judgments that is equal to the value of discounts provided pursuant to the Discount Codes and Substitute Codes, and the individual value of each individual Settlement Class Member's claims will be correspondingly reduced to the extent such Settlement Class Member has used or transferred a Discount Code or used a Substitute Code.

      5.   <u>Expiration of Discount Codes</u>.  Discount Codes may be redeemed immediately upon receipt by a Settlement Class Member and, unless earlier expired pursuant to Section III(C)(11) below, Discount Codes will not expire until 11:59 p.m. Pacific time on the later of December 31, 2019, or sixty (60) days after distribution.

6.      Transferability of Discount Codes.  A Settlement Class Member may transfer the Discount Code to a Transferee who may use the Discount Code for personal, non-commercial use only.  A Settlement Class Member may not transfer the Discount Code to an entity or to a natural person for use by an entity.  A Transferee is prohibited from further transferring the Discount Code.  No Transferee may obtain more than five Discount Codes from Settlement Class Members.  A Transferee who obtains multiple Discount Codes may not use more than one Discount Code on the same order, but may place multiple orders using one Discount Code for each separate order.  Upon transfer, the Discount Code shall remain subject to the Settlement and all terms, conditions and limitations thereof, including but not limited to the provisions of Section III(C)(3) above, and it is the responsibility of the Settlement Class Member to inform the Transferee of the terms, conditions and limitations of the Settlement, including that the Transferee agrees to be subject to the jurisdiction of the Court for any disputes pertaining to the Discount Code.  Use of the Discount Code shall be deemed conclusive evidence that the Transferee has read and agrees to the Zappos Terms and Conditions as of the date the Discount Code is used, and that the Transferee has consented to the Court's jurisdiction with respect to all matters relating to the Discount Code.

7.      Substitute Codes.  If, within thirty (30) days of the Discount Code's expiration, a Settlement Class Member with an expired Discount Code presents reasonable proof in writing to the Settlement Administrator that he, she or it was not able to use the Discount Code by reason of hospitalization, serious illness or military service, a Substitute Code will be provided to the Settlement Class Member.  Notwithstanding the foregoing, no Substitute Code will be provided to any Settlement Class Member if Discount Codes have expired pursuant to Section III(C)(11) below.  The request for a Substitute Code must include:  (a) the Settlement

13

Class Member's name, telephone number and the email address previously provided to Zappos during the Class Period; (b) a statement that the individual is a Settlement Class Member; (c) documents establishing, or information sufficient to allow the Parties to confirm, that the Settlement Class Member was not able to use the Discount Code by reason of hospitalization, serious illness or military service; and (d) the Settlement Class Member's original signature. The Settlement Administrator shall notify Zappos, by and through Defense Counsel, of any and all requests for Substitute Codes within five (5) days of receiving the same. Substitute Codes are not transferable and will be valid for sixty (60) days following the email transmission of the Substitute Code to the Settlement Class Member. No replacement Substitute Codes will be issued. A Transferee may not request a Substitute Code under any circumstance. In all other respects, a Substitute Code will be identical to a Discount Code for all purposes of this Agreement, including but not limited to Section III(C)(3) above.

        8.     <u>Prevention of Fraud and Improper Resales</u>. Zappos may refuse to honor a Discount Code or Substitute Code, or may cancel or rescind a transaction using a Discount Code or Substitute Code, if Zappos reasonably believes that the Discount Code or Substitute Code is being used to commit fraud, or if Zappos reasonably believes the Discount Code or Substitute Code is being used to purchase goods for resale or otherwise violates the Zappos Terms and Conditions. Zappos may exercise its right of refusal as set forth in this section whether the Discount Code or Substitute Code is presented for use by a Settlement Class Member or a Transferee. Zappos, by and through Defense Counsel, shall inform Class Counsel of all such refusals, cancellations or rescissions, and the reasons therefor, within fifteen (15) business days of the same.

9.   <u>Delay in Distribution</u>.   Notwithstanding Section III(E)(1) above, distribution of Discount Codes or Substitute Codes may be delayed to the extent Zappos experiences technical difficulties in generating and delivering usable Discount Codes or Substitute Codes to the Settlement Administrator.  In the event technical difficulties arise that will unduly delay distribution, Zappos, by and through Defense Counsel, will communicate in good faith with Class Counsel regarding the same.  If the Parties are unable to reach a mutually agreeable course of action with respect to resolving any such delay, the Parties will present the matter to the Court by filing a joint statement for the Court's recommendation.

10.   <u>Processing Discount Codes and Substitute Codes</u>.   Zappos agrees to provide adequate staffing to process Discount Code and Substitute Code orders and to provide appropriate training to its personnel with respect to the program.  Zappos shall track the number and dollar value of redemptions, and will periodically report the same, by and through Defense Counsel, to Class Counsel.  No later than seven (7) days before the Final Approval Hearing, Zappos will file a declaration with the Court stating the then-current number and dollar value of redemptions.

11.   <u>Termination</u>.   In the event that the Settlement is not approved, or is terminated, canceled, or fails to become effective for any reason, Zappos may (but is not obligated to) immediately deactivate any and all Discount Codes and Substitute Codes that have not been redeemed, and shall give notice to Class Counsel of its doing so.  Orders placed with Discount Codes or Substitute Codes prior to Zappos's giving notice to Class Counsel will be honored.  If Zappos chooses not to deactivate Discount Codes and Substitute Codes pursuant to this Section, then Zappos shall continue to accrue additional credits against potential future judgments as set forth in Section III(C)(4) above.

D.    Settlement Administrator.   The Settlement Administrator shall administer the Settlement as detailed in the Agreement.  Zappos will reasonably cooperate in the notice and administration process by providing the Settlement Administrator, on a confidential basis, with Settlement Class Member names and email address, and any other information reasonably required to administer the Settlement, promptly upon entry of the Preliminary Approval Order. The Settlement Administrator shall maintain Settlement Class Member information in a secure manner and not share it with any other person or entity except as expressly set forth herein.  The Settlement Administrator will execute a nondisclosure agreement and take the steps necessary to ensure that information Zappos provides will be used solely for the purposes of effectuating this Settlement, and shall not disclose any information to any person or entity except as provided for in this Agreement or by Court order.  Zappos shall be solely responsible for paying all costs incurred by the Settlement Administrator in connection with administering the Notice Program as described in Section III(E) above and all costs incurred in administering the Settlement.  In no event shall Plaintiffs, Class Counsel or Other Plaintiffs' Counsel be responsible for the costs of the Notice Program or settlement administration.

E.    Notice Program.

1.    Email Notice.  The Settlement Administrator shall provide Email Notice, in the form approved by the Court, one time to Settlement Class Members not later than fifty-eight (58) days before the Final Approval Hearing.  The Email Notice will contain a summary notice and a Discount Code unique to the Settlement Class Member, and will direct the Settlement Class Member to the Settlement Website and the Long-Form Notice.

2.    Settlement Website.   The Settlement Website will be created and maintained by the Settlement Administrator.  The Settlement Administrator shall secure a URL

for the Settlement Website that is agreeable to the Parties and that shall not bear or include the words "Amazon," or any derivative thereof. The content of the Settlement Website shall not include the logo or other graphic trademarks of Zappos or Amazon. The Settlement Administrator shall post the Email Notice, Long-Form Notice, a copy of this Agreement, the Preliminary Approval Order, the Final Approval Order, the motions for preliminary and final approval, Settlement-related deadlines, the TAC and any other materials that the Parties agree to post on the Settlement Website. These documents shall be available on the Settlement Website beginning not later than the Notice Date. In addition, the Settlement Administrator shall post Class Counsel's motion for attorneys' fees and costs within two (2) days of Class Counsel filing the same with the Court. The Settlement Website shall also include a toll-free telephone number that persons in the Settlement Class can call, which will provide automated messages, in English and Spanish, with information pertaining to the Settlement; no human telephone operators shall be required. The Settlement Website shall cease operation on the later of seventy (70) days after the expiration date of the last-issued Discount Code or twenty (20) days after the expiration date of the last-issued Substitute Code. The Settlement Website URL shall be terminated and removed from the internet within ten (10) days after operation of the Settlement Website ceases. Ownership of the URL shall thereafter be transferred to Zappos, but Zappos shall not use the URL for any purpose.

        3.    <u>Report to Court About the Effectiveness of the Notice Program</u>. Not later than seven (7) days prior to the Final Approval Hearing, the Settlement Administrator shall provide the Court with a declaration: (i) attesting that Email Notice was provided in accordance with the Court's Preliminary Approval Order; (ii) setting forth the number of visits to the

Settlement Website; and (iii) assessing the reach of the Notice Program with respect to the Federal Judicial Center's guidance.

       4.    <u>CAFA Notice</u>. Zappos shall be responsible for timely compliance with all CAFA notice requirements.

    F.    <u>Releases</u>. As of the Effective Date, the Releasing Parties will be deemed to have fully released and forever discharged the Released Parties, jointly and severally, from all of the Released Claims. Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members or other Releasing Parties do not know or suspect to exist in their favor at the time that the Settlement, and the releases contained therein, become effective. The Parties, and all Settlement Class Members and Releasing Parties, agree that this paragraph constitutes a waiver of Section 1542 of the California Civil Code and any similar or comparable provisions, rights and benefits conferred by the law of any state or territory of the United States or any jurisdiction, and any principle of common law. Section 1542 of the California Civil Code provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Section 207-7-11 of the South Dakota Codified Laws provides:

> UNKNOWN CLAIMS NOT RELEASED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Plaintiffs, on behalf of themselves individually and in their representative capacities, and each Settlement Class Member and Releasing Party understands and acknowledges the significance of these waivers of California Civil Code Section 1542, South Dakota Codified Laws Section 207-7-11 and/or of any other applicable law relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiffs, on behalf of themselves individually and in their representative capacities, and each Settlement Class Member and Releasing Party acknowledges that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to fully, finally and forever release all claims against Zappos relating to the Actions, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts.  The Parties acknowledge (and all Settlement Class Members and Releasing Parties by operation of law shall be deemed to have acknowledged) that the release of unknown claims as set forth herein was separately bargained for and is a material element of the Settlement.

G.  <u>Attorneys' Fees, Costs and Service Awards</u>.  Court approval of attorneys' fees, costs or service awards, or their amount, is not a condition of the Settlement; to the extent the Court defers determination of the amount of attorneys' fees, costs or service awards but determines that the Settlement is fair, reasonable and adequate, the Parties shall jointly request entry of a separate judgment pursuant to Federal Rule of Civil Procedure 54(b), so that the Effective Date will not be unduly delayed.  No later than thirty (30) days prior to the Final Approval Hearing, Class Counsel shall make, on behalf of themselves and Other Plaintiffs' Counsel, and Zappos agrees not to oppose, an application for the total amount of One Million, Six Hundred and Twenty Thousand Dollars ($1,620,000.00), to be comprised of One Million,

Five Hundred and Ninety-Seven Thousand, and Five Hundred Dollars ($1,597,500.00) for the application for attorneys' fees and costs reasonably incurred in the prosecution of the MDL, and Two Thousand, Five Hundred Dollars ($2,500.00) for the application for service awards for each of the fourteen Class Representatives (i.e., a total of Twenty-Two Thousand and Five Hundred Dollars ($22,500.00) in the application for service awards). The service awards to the Class Representatives will be in addition to each Class Representative's receipt of a Discount Code. Plaintiffs hereby acknowledge and understand that the service awards are for their service to the Settlement Class in litigating the Actions and are not an incentive for Plaintiffs to sign this Agreement. Plaintiffs hereby acknowledge and understand that the Court may, in its discretion, elect to issue smaller service awards or not to issue any service awards in any amount at all. Zappos will make the payment of fees, costs and service awards, as awarded by the Court, by the later of: (a) the Effective Date; or (b) thirty (30) days after the date an award of attorneys' fees, costs and service awards, if any, has become final for all purposes with no possibility of appellate or certiorari review. In no event shall Zappos's total financial responsibility for attorneys' fees, costs and service awards exceed One Million Six Hundred Twenty Thousand Dollars ($1,620,000.00).

      H.    <u>Exclusion Right/Termination</u>.

           1.    <u>Exclusion Requirements</u>. Persons in the Settlement Class (except for those who use or transfer a Discount Code or who use a Substitute Code) may submit a Request for Exclusion from the Settlement Class to the Settlement Administrator at the address designated on the Settlement Website no later than the Exclusion and Objection Deadline. A Request for Exclusion must: (a) be signed by the person in the Settlement Class who is requesting exclusion; (b) include the full name, address, email address and Zappos.com account

number, if any, of the person in the Settlement Class requesting exclusion; and (c) include a clear written statement indicating an intent to be excluded from the Settlement.   No request for exclusion will be valid unless it is postmarked no later than the Exclusion and Objection Deadline, and all of the information described above is included; any person in the Settlement Class that submits an invalid Request for Exclusion remains in the Settlement Class and will be deemed to have released all Released Claims as set forth in Section III(F) above.  Except in cases of legal incapacity, no individual in the Settlement Class, or any person acting on behalf of or in concert or participation with said individual in the Settlement Class, may exclude any other individual in the Settlement Class from the Settlement Class.  Mass or class exclusions shall not be allowed, and no person in the Settlement Class shall be deemed excluded from the Settlement Class through any purported "mass" or "class" exclusions.  Plaintiffs covenant that they will not file Requests for Exclusion from the Settlement Class.

   2.   _Retention of Exclusions_.  The Settlement Administrator shall retain a copy of all Requests for Exclusion, whether valid or invalid, and will provide copies of all such requests to counsel for the Parties.  Class Counsel will keep any such information regarding exclusions confidential and use it only for purposes of determining whether an individual in the Settlement Class has properly requested exclusion from the Settlement, or as otherwise required by the Court in connection with this Settlement.  Not later than seven (7) days before the Final Approval Hearing, the Settlement Administrator shall file with the Court a declaration that lists the names of all of the individuals in the Settlement Class who submitted valid Requests for Exclusion.

   3.   _Right to Withdraw Due to Excessive Exclusions_.   All persons in the Settlement Class who do not submit a Request for Exclusion in accordance with the terms of this

Settlement Agreement (and all persons disqualified from submitting a Request for Exclusion by reason of their use or transfer of a Discount Code or their use of a Substitute Code) will be bound by all determinations, orders and judgments in the MDL.  In the event that the number of valid Requests for Exclusion exceeds two thousand five hundred (2,500) potential Settlement Class Members, Zappos, in its sole discretion, may terminate the Settlement.  Zappos shall inform Class Counsel within ten (10) days after it is advised in writing that the number of valid Requests for Exclusion exceeds two thousand five hundred (2,500) potential Settlement Class Members, as to whether it will exercise the right of termination; notwithstanding the foregoing, Zappos may not exercise its right to terminate the Settlement pursuant to this provision later than two (2) days before the Final Approval Hearing.  In the event that the Settlement is terminated pursuant to this provision, the Parties will be returned to the status quo ante as if no settlement had been negotiated or entered into, except as set forth in Section IV(A)(2) below.

       I.     <u>Objections to the Settlement</u>.

       1.     <u>Right to Object and Notice of Intention to Appear</u>.  Any Settlement Class Member may appear at the Final Approval Hearing to object to the proposed Settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or the service awards, but only if the individual has first filed an objection in accordance with the requirements set forth below.  Any Settlement Class Member who does not provide a written objection in the manner described in this Section shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement, or the award of any attorneys' fees and costs and/or service awards. Plaintiffs covenant that they will not object to the proposed Settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or the service awards.  Any

Settlement Class Member who intends to appear at the Final Approval Hearing and be heard by the Court must file and serve on all parties a Notice of Intention to Appear with the Court no later than eighteen (18) days before the Final Approval Hearing.

          2.      <u>Objection Requirements</u>.  To be heard at the Final Approval Hearing, the Settlement Class Member must make an objection in writing and file it with the Court by the Exclusion and Objection Deadline. An objection must include the following:  (a) the objector's name and address, and, if represented by counsel, the name, bar number, address and telephone number of his, her or its attorney; (b) a statement that the objector is a Settlement Class Member; (c) documents establishing, or information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member; (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the Settlement Class Member's specific objections and the grounds supporting the objection; (f) identification and production of copies of any documents that the objector desires the Court to consider; and (g) the objector's original signature, if the Settlement Class Member is a natural person, or the signature of a legally authorized representative, if the Settlement Class Member is not a natural person.  If a Settlement Class Member is represented by an attorney, the attorney must register as an electronic filer with the Court and electronically file the Settlement Class Member's objection with the Court using CM/ECF; the attorney may electronically serve Class Counsel and Defense Counsel with the objection accordingly.  If the Settlement Class Member is not represented by an attorney and files his, her or its objection with the Court in paper format, the objection must also be mailed to each of the following, postmarked no later than the Exclusion and Objection Deadline:  (a) Class Counsel – Ben Barnow, Barnow and Associates, P.C., One North LaSalle Street, Suite 4600, Chicago, Illinois 60602; and (b) Defendant's Counsel – Stephen J. Newman,

Stroock & Stroock & Lavan LLP, 2029 Century Park East, 18th Floor, Los Angeles, California 90067.

        3.    <u>Reply in Support of Final Approval</u>.  Any reply briefs in support of Final Approval must be filed with the Court not later than four (4) days prior to the Final Approval Hearing.

        J.    <u>Final Approval</u>.  Following completion of the Notice Program and expiration of the Exclusion and Objection Period, Plaintiffs shall promptly, but in no instance later than twenty-one (21) days before the Exclusion and Objection Deadline, request that the Court enter the proposed Final Approval Order in the form attached hereto as Exhibit D.

        K.    <u>Dismissal</u>.  Upon entry of the Final Approval Order, Plaintiffs shall take all steps necessary to dismiss the Action with prejudice as to themselves and all Settlement Class Members.

        L.    <u>No Admissions</u>.  Defendant expressly disclaims and denies any wrongdoing or liability whatsoever, and the Parties expressly agree to conditional certification of the Settlement Class solely for the purposes of this Settlement.  This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by Defendants of any liability or wrongdoing by Defendants or any of their affiliates, agents, representatives, vendors, or any other person or entity acting on their behalf, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief.  Except as set forth in Section IV(A)(2) below, neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released

Claim, or of any wrongdoing or liability of Defendant; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant, or any waiver of defenses available to the Defendant, in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed a waiver of Defendant's right to challenge class certification if this Settlement for any reason does not become final; or (d) is or may be deemed to be a waiver of Defendant's right to seek to enforce any arbitration provision in other cases or against individuals in the Settlement Class who opted-out of the Settlement. In addition, neither the fact of, nor any documents relating to, Zappos's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever, except as set forth in Section IV(A)(2) below. The Released Parties may file the Agreement, any Order entered regarding the Settlement and/or the judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

M.    Confidentiality.  The terms of this Settlement, including the fact of the proposed Settlement, shall remain completely confidential until all documents are executed and a Motion for Preliminary Approval of the Settlement is filed with the Court; provided, however, that the Parties may jointly report the pendency of the settlement in principle to the Court in the Actions as well as potential third-party administrators in connection with obtaining bids.  Defendant may, at its sole discretion, disclose the terms of the Settlement, prior to the filing of the Motion for Preliminary Approval, to its auditors and other parties as reasonably necessary for tax, regulatory or securities law requirements.

N.   <u>No Publicity Beyond Notice Procedures</u>.   Neither Class Counsel, nor Other Plaintiffs' Counsel, nor Plaintiffs will issue press releases, nor will they make or publish any statements regarding the Settlement (with the exception of the Notice Program or posting the Email Notice or other information from the Settlement Website onto Class Counsel's websites). Nor will Class Counsel or Plaintiffs cause or induce any third party to issue any press releases or to make or publish any statements regarding the Settlement (except that they may communicate with the Settlement Administrator about the content and format of the Settlement Website). Class Counsel may respond to direct communications from Settlement Class Members regarding the Settlement. Media inquiries and all other inquiries (except for inquiries from Settlement Class Members seeking legal advice) may be responded to by Class Counsel only by reference to information contained in the public record or to any agreed joint response.   Neither Class Counsel nor Plaintiffs shall affirmatively solicit media attention.  Class Counsel and/or Plaintiffs will make no statements of any kind to any third party regarding the Settlement prior to filing a Motion for Preliminary Approval with the Court, with the exception of statements made to the Settlement Administrator.  The Parties may make statements to the Court as necessary to obtain Preliminary Approval or Final Approval of the Settlement and Class Counsel will not be prohibited from communicating with any person in the Settlement Class regarding the Action or the Settlement.  In all communications, Class Counsel must comply with all confidentiality agreements, including the Protective Order entered on March 8, 2013 (ECF No. 93) and the Order Regarding Discovery Of Incident Response Reports (First Request) entered on May 29, 2019 (ECF No. 326), in the Action and not disclose information that is not a part of the public record.  All Parties and their counsel of record agree to refrain from publicly disparaging each

other, or their directors, officers, owners, managers or employees, about the subject matter of the Actions or this Settlement.

## IV.   **GENERAL PROVISIONS**

A.   Settlement Conditioned Upon Approval.

1.     The Settlement is expressly conditioned upon entry of the Preliminary Approval Order and Final Approval Order without material modification by the Court.  In the event of failure to obtain any of the required provisions of such orders, including, but not limited to, the denial of any motion seeking Preliminary or Final Approval without material modification, Zappos may terminate the Settlement in its sole discretion and the Parties will return, without prejudice, to the status quo ante as of the date Plaintiffs moved the Court for Preliminary Approval, as if no Settlement had been negotiated or entered into. The Settlement and its existence shall be inadmissible to establish any fact relevant to any alleged liability of the Released Parties for the matters alleged in the Action or for any other purpose.

2.     Notwithstanding the foregoing, if the Settlement is not finally approved and litigation of the Actions (or any of them) resumes (or if any new litigation based on any of the theories presented in the Actions is commenced) then:

a.     Zappos will be entitled to a credit or credits against any future judgment or judgments that is equal to the value of discounts provided pursuant to the Discount Codes and Substitute Codes, and the individual value of each individual Settlement Class Member's claims will be correspondingly reduced to the extent such Settlement Class Member has used or transferred a Discount Code or used a Substitute Code; and

b.     Zappos may argue, with respect to any person, group of persons, proposed class of persons or class of persons, that it has provided full compensation through the Discount Codes and/or Substitute Codes, such that it has no further liability; and

27

c.   Zappos may argue in opposition to any motion for class certification that its provision of Discount Codes and/or Substitute Codes provides grounds to deny class certification, in whole or in part.

B.   Destruction of Confidential Documents.   Within thirty (30) days after the Effective Date, the originals and all copies of all confidential material subject to all confidentiality agreements, including the Protective Order entered on March 8, 2013 (ECF No. 93) and the Order Regarding Discovery Of Incident Response Reports (First Request) entered on May 29, 2019 (ECF No. 326), in the MDL shall be returned to the producing party or destroyed (and such orders shall remain in full force and effect before, on and after the Effective Date).   The return and/or destruction of all confidential material subject to all confidentiality agreements shall be confirmed in writing by Class Counsel to Defense Counsel, and vice versa, within thirty (30) days after the Effective Date.   This obligation extends to those documents provided by Defendant in connection with mediation and/or settlement discussions.   Nothing in the Agreement shall require attorney work product or pleading files to be returned or destroyed.

C.   No Construction Against Drafter.   This Agreement will be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter will not apply.

D.   Entire Agreement.   This Agreement, including all Exhibits attached hereto, contains the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement, including, without limitation, the draft memorandum of understanding dated November 5, 2014, all prior drafts thereof and all communications pertaining thereto.   This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their

duly authorized representatives and approved by the Court. The Parties contemplate that the Exhibits attached hereto may be modified by the Court. The provisions of the Agreement may be waived only in a writing executed by the waiving party. The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver, by that Party or by any other Party, of any other prior or subsequent breach of this Agreement.

E.      Authority. Plaintiffs and Zappos represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and Zappos to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she has done so freely and is fully authorized to do so and to bind the party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

F.      No Assignment by Plaintiffs. Plaintiffs represent that they have not heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement, and Plaintiffs agree not to do so in the future.

G.      Receipt of Advice of Counsel. Each Party acknowledges, agrees and specifically warrants that he, she or it has fully read this Agreement and the Releases contained herein, received legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases. Each Party to this Agreement warrants that he, she, or it is acting upon his, her or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any

nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

  H.  <u>Agreement Binding on Successors in Interest</u>.  This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the Parties.

  I.  <u>Execution in Counterparts</u>.  The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

  J.  <u>Notices</u>.  All notices to counsel provided for herein (except for objections made pursuant to Section III(I)(2) above) shall be sent by e-mail with a hard copy sent by overnight mail to:

<u>As to Plaintiffs and the Settlement Class:</u>

BARNOW AND ASSOCIATES, P.C.
Ben Barnow
b.barnow@barnowlaw.com
205 West Randolph Street, Suite 1630
Chicago, Illinois 60606

<u>As to Zappos:</u>

STROOCK & STROOCK & LAVAN LLP
Julia B. Strickland
jstrickland@stroock.com
Stephen J. Newman
snewman@stroock.com
2029 Century Park East
18th Floor
Los Angeles, California 90067

<u>With a copy to:</u>

Zappos.com LLC
ATTN: GENERAL COUNSEL
400 Stewart Ave.
Legal Department – Metro 3
Las Vegas, NV  89101

  K.  <u>Modification in Writing</u>.  This Settlement may be amended or modified only by written instrument signed by one of Class Counsel and Defendant's Counsel.  Amendment and

modifications may be made without additional notice to the Settlement Class unless such notice is required by the Court.

      L.     <u>Retention of Jurisdiction</u>.  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

      IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the last date set forth below:

**THERESA D. STEVENS:**                Dated: ___9/10___, 2019

By: _____

**DENISE RELETHFORD:**                                Dated: ___9|7___, 2019

By: _Denise Relethford_

**EMILY E. BRAXTON:**                                 Dated: _____, 2019

By: _____

**STEPHANIE HUPPERT (PREIRA):**                       Dated: _____, 2019

By: _____

**ROBERT REE:**                                       Dated: _____, 2019

By: _____

**PATTI HASNER:**                                     Dated: _____, 2019

By: _____

**DAHLIA BONZAGNI (HABASHY):**                        Dated: _____, 2019

By: _____

32

**DENISE RELETHFORD:**                                   Dated: _____, 2019

By: _____

**EMILY E. BRAXTON:**                                    Dated: 9/10/19, 2019

By: _____

**STEPHANIE HUPPERT (PREIRA):**                          Dated: _____, 2019

By: _____

**ROBERT REE:**                                          Dated: _____, 2019

By: _____

**PATTI HASNER:**                                        Dated: _____, 2019

By: _____

**DAHLIA BONZAGNI (HABASHY):**                           Dated: _____, 2019

By: _____

**DENISE RELETHFORD:**                     Dated: _____, 2019

By: _____


**EMILY E. BRAXTON:**                      Dated: _____, 2019

By: _____


**STEPHANIE HUPPERT (PREIRA):**            Dated: 9/9/19, 2019

By: _____


**ROBERT REE:**                            Dated: _____, 2019

By: _____


**PATTI HASNER:**                          Dated: _____, 2019

By: _____


**DAHLIA BONZAGNI (HABASHY):** ——          Dated: _____, 2019——

By: _____


32

**DENISE RELETHFORD:**                                    Dated: _____, 2019

By: _____

**EMILY E. BRAXTON:**                                    Dated: _____, 2019

By: _____

**STEPHANIE HUPPERT (PREIRA):**                          Dated: _____, 2019

By: _____

**ROBERT REE:**                                          Dated: ___Sep. 9___, 2019

By: _____

**PATTI HASNER:**                                        Dated: _____, 2019

By: _____

**DAHLIA BONZAGNI (HABASHY):**                           Dated: _____, 2019

By: _____

32

**DENISE RELETHFORD:**                          Dated: _____, 2019

By: _____


**EMILY E. BRAXTON:**                           Dated: _____, 2019

By: _____


**STEPHANIE HUPPERT (PREIRA):**                 Dated: _____, 2019

By: _____


**ROBERT REE:**                                 Dated: _____, 2019

By: _____


**PATTI HASNER:**                               Dated: 9/9/2019 _____, 2019

By: _____   Patti Hasner   _____


**DAHLIA BONZAGNI (HABASHY):**                  Dated: _____, 2019

By: _____


32

**DENISE RELETHFORD:**

Dated: _____, 2019

By: _____


**EMILY E. BRAXTON:**

Dated: _____, 2019

By: _____


**STEPHANIE HUPPERT (PREIRA):**

Dated: _____, 2019

By: _____


**ROBERT REE:**

Dated: _____, 2019

By: _____


**PATTI HASNER:**

Dated: _____, 2019

By: _____


**DAHLIA BONZAGNI (HABASHY):**

Dated: September 10, 2019

By: _____

32

**KATHARINE VORHOFF:**                                   Dated: _9/11/2019_____, 2019

By: _____kate Vorhoff_____

**SHARI SIMON:**                                          Dated: _____, 2019

By: _____

**ZAPPOS.COM LLC, formerly known as**                    Dated: _____, 2019
**ZAPPOS.COM, INC.:**

By: _____

Its: _____

[ATTORNEY SIGNATURES APPEAR ON THE FOLLOWING PAGES]

**KATHRYN VORHOFF:**                                    Dated: _____, 2019

By: _____

**SHARI SIMON:**                                        Dated: ___9/10/2019___, 2019

By: _____   Shari Simon   _____

**ZAPPOS.COM LLC, formerly known as**                  Dated: _____, 2019
**ZAPPOS.COM, INC.:**

By: _____

Its: _____

[ATTORNEY SIGNATURES APPEAR ON THE FOLLOWING PAGES]

**KATHRYN VORHOFF:**                                   Dated: _____, 2019

By: _____

**SHARI SIMON:**                                       Dated: _____, 2019

By: _____

**ZAPPOS.COM LLC, formerly known as**                  Dated: September 10, 2019
**ZAPPOS.COM, INC.:**

By: _____

Its:  Vice president  _____

[ATTORNEY SIGNATURES APPEAR ON THE FOLLOWING PAGES]

**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL:**

BARNOW AND ASSOCIATES, P.C.

By: _____
    Ben Barnow

Dated: Sept. 11, 2019

FINKELSTEIN, BLANKINSHIP, FREI-
PEARSON & GARBER, LLP

By: _____
    Jeremiah Frei-Pearson

Dated: _____, 2019

THE COFFMAN LAW FIRM

By: _____
    Richard L. Coffman

Dated: _____, 2019

GLANCY PRONGAY & MURRAY, LLP

By: _____
    Marc. L. Godino

Dated: _____, 2019

34

**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL:**

BARNOW AND ASSOCIATES, P.C.                     Dated: _____, 2019

By: _____
      Ben Barnow

FINKELSTEIN, BLANKINSHIP, FREI-               Dated: _____, 2019
PEARSON & GARBER, LLP

By: _____
      Jeremiah Frei-Pearson

THE COFFMAN LAW FIRM                          Dated: _____, 2019

By: _____
      Richard L. Coffman

GLANCY PRONGAY & MURRAY, LLP                  Dated: _____, 2019

By: _____
      Marc. L. Godino

34

**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL:**

BARNOW AND ASSOCIATES, P.C.                    Dated: _____, 2019

By: _____
    Ben Barnow

FINKELSTEIN, BLANKINSHIP, FREI-               Dated: _____, 2019
PEARSON & GARBER, LLP

By: _____
    Jeremiah Frei-Pearson

THE COFFMAN LAW FIRM                          Dated: _Sept. 10_, 2019

By: _____
    Richard L. Coffman

GLANCY PRONGAY & MURRAY, LLP                  Dated: _____, 2019

By: _____
    Marc. L. Godino

34

**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL:**

BARNOW AND ASSOCIATES, P.C.                    Dated: _____, 2019

By: _____
    Ben Barnow

FINKELSTEIN, BLANKINSHIP, FREI-               Dated: _____, 2019
PEARSON & GARBER, LLP

By: _____
    Jeremiah Frei-Pearson

THE COFFMAN LAW FIRM                          Dated: _____, 2019

By: _____
    Richard L. Coffman

GLANCY PRONGAY & MURRAY, LLP                  Dated: _Sept. 9 th_, 2019

By: _____
    Marc L. Godino

34

**APPROVED AS TO FORM AND
CONTENT:**

**OTHER PLAINTIFFS' COUNSEL:**

BLOOD, HURST & O'REARDON, LLP

By: _____

Timothy G. Blood

Dated: _____, 2019

O'MARA LAW FIRM, PC

By: _____

David C. O'Mara

Dated: _____, 2019

35

**APPROVED AS TO FORM AND
CONTENT:**

**OTHER PLAINTIFFS' COUNSEL:**

BLOOD, HURST & O'REARDON, LLP                    Dated: _____, 2019

By: _____
       Timothy G. Blood

O'MARA LAW FIRM, PC                              Dated: Sept. 6, 2019

By: _____
       David C. O'Mara

35

**APPROVED AS TO FORM:**

**DEFENDANT'S COUNSEL:**

STROOCK & STROOCK & LAVAN LLP          Dated: _September 10_, 2019

By: _____
     Stephen J. Newman

# EXHIBIT A

Subject Line: Settlement notification re: 2012 security incident
Preheader: Please take a moment to read this email.

Hi INSERT CUSTOMER NAME,

You are receiving this email because you were a Zappos customer in January 2012. As such, we are writing to inform you that a resolution has been reached in the class action lawsuit filed because of the data breach that occurred during that time.

Important additional information is below, but the short version is that you are getting a 10% off discount code to use on an order before the end of year. You may also transfer the code to someone else.

Here is your one-time-use code: XXXXXXXXXX. Once you've selected the items you want to purchase on Zappos.com[LINK] or the Zappos App, select "Proceed to Checkout" and you'll have a chance to enter your code.
- For Desktop Users: Under "2. Payment Method," you'll see a dropdown for "Add gift card or rewards code." Simply enter the code there, click "Apply," and continue checking out.
- For App Users: Select "Gift Codes" in the top right corner, enter your code, select save, and continue checking out.

Thank you for your patience and understanding and, as always, we're here to help. If you need help with placing an order, please don't hesitate to reach out by contacting us at XXXXX@Zappos.com. If you need assistance regarding your legal rights related to this Notice, please see below and contact [settlement administrator].

Your Friends at Zappos

*In re: Zappos.com, Inc. Customer Data Security Breach Litigation*
United States District Court, District of Nevada, Case No. 3:12-cv-00325-RCJ-VPC,
MDL No. 2357

COURT ORDERED NOTICE OF CLASS ACTION SETTLEMENT

You are a member of the settlement class in the above-captioned lawsuit, which relates to a data security hack against Zappos.com in January 2012. The case has settled, and you may use the unique code provided above for 10% off a single future online purchase of goods on Zappos.com [link to be added] (or via the Zappos.com mobile app), exclusive of shipping costs and taxes. You may also transfer or sell this code to someone else for personal, non-commercial use.

The Court has preliminarily approved this settlement. It will hold a Final Approval Hearing in this case on _____, 2018 at ___ a.m. in Courtroom ___, United States District Court for the District of Nevada. At the Final Approval Hearing, the Court will decide whether to approve the settlement and whether to grant Class Counsel's requests for $1,597,500 in attorneys' fees, costs, and

expenses, and for service awards of $2,500 to each of the nine Representative Plaintiffs (i.e., a total of $22,500 in requested service awards). You have the right to attend the Final Approval Hearing and to be represented by counsel of your choice (at your own expense). For more information, including information about how to object to the settlement or to the request for attorneys' fees, costs, expenses or to the request for service awards, please visit this website [link to be added to settlement website].

If you do not use or transfer your discount code, you have the right to request exclusion from the settlement ("opt out") or to object to the settlement, but the deadline for this is _____, 2019.  Please click here [link to be added to full class notice] for additional details.

If you do not request exclusion from the settlement before the deadline and if the Court approves the settlement, you will release (give up) all claims against Zappos and related parties (including Amazon.com) that pertain in any way to the January 2012 data security hack.

If the court does not approve the settlement, the discount code may expire at the time of the Final Approval Hearing; otherwise the discount code is good until [INSERT EXACT DATE].

Please review the complete, court-approved notice here [link to be added to full class notice] for additional information, rules for use of the discount code and information about how to obtain a substitute code if you are unable to use it due to hospitalization or military service.

# EXHIBIT B

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*In re: Zappos.com, Inc. Customer Data Security Breach Litigation*
United States District Court, District of Nevada, Case No. 3:12-cv-00325-RCJ-VPC, MDL No. 2357

### READ THIS NOTICE CAREFULLY
### YOUR LEGAL RIGHTS MAY BE AFFECTED

This Notice is for anyone who had an online Zappos.com account on or before January 15, 2012, and for whom Zappos had an email address for the account in its records at that time. Please read the rest of this Notice carefully to find out more.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **Participate in the Settlement** | You can receive a 10% discount on a Zappos.com online or mobile purchase by using the discount code that was emailed to you. You may also transfer the discount code to someone else for personal, non-commercial use. |
| **Exclude Yourself from the Settlement** | If you do not want to participate in the settlement ("opt-out"), you must send a letter requesting exclusion from the settlement postmarked no later than [insert date] or else you will be bound by the settlement. You may only opt-out if you do not use or transfer your discount code. |
| **Object to the Settlement** | If you wish to object to the settlement, you must follow the directions below and the objection must be filed no later than [insert date]. |
| **Participate in the Hearing** | If you submit a timely objection to the settlement, you may also indicate in the objection whether you wish to appear and be heard at the time of the final approval hearing. |
| **Do Nothing** | If you do nothing with respect to this Notice, you will be bound by the terms of the settlement, including the release of claims described below, whether or not you use the discount code, if the settlement is approved by the Court. |

**THESE RIGHTS AND OPTIONS, INCLUDING THE DEADLINES BY WHICH TO EXERCISE THEM, ARE EXPLAINED IN THIS NOTICE BELOW**

LA 52283213v3

Questions? Call [insert] or visit www.[insert].com

### What is the Case About?

This case relates to a hack on defendant Zappos.com LLC's (formerly known as Zappos.com, Inc.) ("Defendant" or "Zappos") data security systems in January 2012. The case alleges that Zappos's data security practices on and prior to January 15, 2012, exposed consumers to a heightened risk of identity theft, fraud or other harm, and further alleges that these risks were not properly disclosed to consumers. The case also alleges that Zappos customers suffered inconvenience, harm and increased risk as a result. Zappos denies all wrongdoing in the matter, denies that any valuable data was stolen and denies that any consumer was harmed by the hack. Nonetheless, Zappos has agreed to the settlement described here, without admitting any fault in the matter.

### What is a Class Action?

In a class action, one or more people called class representatives (in this case Theresa D. Stevens, Denise Relethford, Emily E. Braxton, Stephanie Preira (also known as Stephanie Huppert), Robert Ree, Patti Hasner, Dahlia Habashy (also known as Dahlia Bonzagni), Katharine Vorhoff and Shari Simon (collectively, "Class Representatives")) sue on behalf of people who have similar claims.

### Am I a Settlement Class Member?

You are a Settlement Class Member if, on or before January 15, 2012, you had an online account with Zappos, and Zappos had an email address for your account in its records at that time. Both individuals and legal entities can be class members.

### Why is There a Settlement?

Both sides agreed to a settlement to avoid the uncertainty and cost of litigation and to provide benefits to Class Members more promptly. The Court did not decide in favor of the Class Representatives or Zappos. Zappos denies any liability or wrongdoing of any kind associated with the claims in this class action.

### What Can I Get From the Settlement?

You may use the discount code emailed to you to receive 10% off a single future online purchase on Zappos.com or via the Zappos.com mobile app of goods (exclusive of shipping costs and taxes). Your discount code cannot be used to purchase gift cards or on previous purchases. Your discount code is valid immediately. You also may transfer this discount code to someone else for individual, non-commercial use. Discount codes expire on [INSERT], but if the settlement is not approved by the Court, they may expire sooner. If you are unable to use your discount code immediately due to hospitalization or military service, you may request a substitute code. Discount codes have no cash value, and other terms and conditions of use are explained in the settlement agreement linked here.

### What Am I Giving Up to Get Settlement Benefits or Stay In the Settlement Class?

Unless you exclude yourself, as described below, you will remain in the Settlement Class and be bound by the terms of the settlement and all of the Court's orders. This means that you can't sue or be part of any other lawsuit against Defendant or their related parties (including Amazon.com) about the January 2012 data security hack or any other issues in this case. Staying in the Settlement Class also means that you agree to the release of the following claims, including any unknown claims, as set forth in greater detail in the settlement agreement [link]:

**Release of the Settlement Class**. Any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether known or unknown, including, without limitation, claims of negligence, negligent misrepresentation, breach of contract, public disclosure of private facts, violations of Cal. Bus. & Prof. Code § 17200 et seq., Cal. Civ. Code §§ 1798.29 & 1798.80, Cal. Civ. Code § 1750 et seq., Fla. Stat. Ann. § 501.204(1) et seq., Mass. Gen. Laws ch. 93A, M.C.P.L.A. §§ 445.903(1)(c), 445.903(1)(e), 445.903(1)(s) & 445.903(1)(cc), Nev. Rev. Stat. §§ 598.0903, 598,0915(5), 598.0915(15) & 598.0923(2), N.Y. Gen. Bus. Law §§ 349, 598.0915(5) & 598.0915(7), Tex. Bus. & Com. Code §§ 17.46(a), 17.46(b)(5), 17.46(b)(7) & 17.50(a)(3) and unjust enrichment, whether arising under local, state or federal law, whether by Constitution, statute, contract, rule, regulation, any regulatory promulgation (including, without limitation, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory concerning the Released Parties' conduct, policies, or practices, arising from, related to, connected with, or described in the litigation (and all related cases) that were alleged or could have been alleged in the litigation, the Third Amended Consolidated Class Action Complaint or any other pleading or other document filed in the litigation, whether the claims are brought directly or indirectly by or on behalf of any Settlement Class Member in an individual or class action, representative action or in any other capacity, with respect to any form of relief, including without limitation damages, restitution, disgorgement, penalties, injunctive relief, or declaratory relief.

The "**Released Parties**" are Zappos, and all of its present, former and future officers, directors, partners, employees, agents, attorneys, servants, heirs, administrators, executors, members, member entities, predecessors, successors, , subsidiaries (direct and indirect), parents (direct and indirect) (including, but not limited to, Amazon.com, Inc. and its direct and indirect subsidiaries), affiliates (controlling, controlled by or under common control with Zappos), representatives, trustees, principals, insurers, vendors and assigns.

If the settlement is not approved by the Court, and if you use or transfer your discount code, Zappos may argue at a later date that you have already been fully compensated by your use or transfer of the discount code, and accordingly that you are not entitled to any other relief; however, you may present any arguments in opposition to Zappos's arguments if this occurs.

## Can I Exclude Myself From the Settlement?

If you do not want to receive benefits from this settlement, but you want to keep the right to sue Defendant on your own and at your own expense about the issues in this case, then you must take steps to exclude yourself from the settlement. This is also called "opting-out" of the settlement. To exclude yourself from the settlement (opt out), you must send a letter to the Settlement Administrator at the following address containing: (1) your signature; (2) your full name, address, email address and Zappos.com account number, if any; and (3) a statement that you request to be excluded from the Settlement Class.

> Zappos.com Settlement Exclusions
> [insert address and email address]

The opt out deadline is _____ and, to be valid, an opt out request must be postmarked no later than that date. If you request exclusion from the settlement, you will not get any settlement benefits, and you cannot object to the terms of the settlement. You will not be legally bound by anything that happens in this lawsuit. If you use or transfer your discount code, you are not permitted to exclude yourself and you will be bound by the terms of the settlement, including the release of claims, if the settlement is approved.

## If I Don't Exclude Myself, Can I Sue Defendant for the Same Thing Later?

No. Unless you exclude yourself, you give up any right to sue Defendant and/or any of the Released Parties for the claims that this settlement resolves, if the settlement is approved by the Court. If you have a pending lawsuit covering these same claims, speak to your lawyer in that case immediately. You must exclude yourself from this Settlement Class to continue your own lawsuit.

Additionally, if the settlement is not approved by the Court but you have used or transferred your discount code, Zappos may argue that such use or transfer has fully compensated you and Zappos may argue for that reason that you may no longer pursue a claim against Zappos; however, you would be permitted to present arguments in opposition to Zappos's arguments.

## Do I Have a Lawyer in the Case?

The Court has appointed Ben Barnow (Barnow and Associates, P.C.), Jeremiah Frei-Pearson (Finkelstein, Blankinship, Frei-Pearson & Garber, LLP), Mark Godino (Glancy Prongay & Murray, LLP) and Richard Coffman (The Coffman Law Firm) to represent you and other Class Members as Class Counsel. Class Counsel will be paid by Zappos and you will not be charged for this. If you want to be represented by your own lawyer, you may hire one at your own expense.

## How Will the Lawyers, the Class Representatives and the Settlement Administrator Be Paid?

Zappos will pay the Settlement Administrator for the costs associated with administering the settlement.

Class Counsel will ask the Court to approve payment of up to $1,620,000 in total to Class Counsel (and to additional plaintiff's counsel who worked on the case) for attorneys' fees, out-of-pocket costs, and service awards to the Class Representatives. The service award requests will amount to $22,500 of the $1,620,000 total, or $2,500 for each of the nine Class Representatives. The fees would pay Class Counsel for investigating the facts, litigating the case, negotiating the settlement and following through to make sure that its terms are carried out. The service awards reflect Class Representatives' efforts to pursue the case and to provide information and documents in support of the claims. The Court may award less than the requested amounts. Class Counsel will file with the Court their motion for award of attorneys' fees and litigation costs and Class Representatives' service awards no later than [insert date]. After that date, you may view the motion on the Settlement Website.

## How Do I Tell the Court That I Don't Like the Settlement?

You can ask the Court to deny approval of the Settlement by making an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement.

You must object to the proposed settlement in writing. All written objections and supporting papers must include: (1) your full name and postal address, and, if represented by counsel, the name, bar number, address and telephone number of your attorney; (2) a statement that you are a Settlement Class Member; (3) documents establishing, or information sufficient to allow the Parties to confirm, that you are a Settlement Class Member; (4) a statement whether you intend to appear at the Final Approval Hearing, either in person or through counsel; (5) a statement of your specific objections and the grounds supporting the objections; (6) identification and production of copies of any documents that you desire the Court to consider; and (7) your original signature (for individuals) or the original signature of a legally authorized representative (for entities). Your objection must be filed with the Clerk of the United States District Court for the District of Nevada by [Month 00, 2019].

LA 52283213v3

Objections made through counsel must be filed and served electronically through the Court's CM/ECF system. If you are not represented by counsel and file your objection with the Court in paper format, you must also mail copies of your objection to Class Counsel and Counsel for Zappos postmarked no later than [Month 00, 2019], at the address below:

| *Class Counsel:* | *Counsel for Zappos* |
|---|---|
| Ben Barnow<br>Barnow and Associates, P.C.<br>205 West Randolph Street, Suite 1630<br>Chicago, IL 60606 | Stephen J. Newman<br>Stroock & Stroock & Lavan LLP<br>2029 Century Park East, 18th Floor<br>Los Angeles, CA 90067 |

## What's the Difference Between Objecting to the Settlement and Requesting Exclusion from the Settlement?

Objecting is telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class or participate in the settlement. If you exclude yourself, you have no basis to object because the case no longer affects you. You cannot both object to and exclude yourself from the settlement. Those who attempt to both object and exclude themselves from the settlement will be deemed to have excluded themselves.

If you use or transfer your discount code, you may still object to the settlement. However, if you use or transfer your discount code, you are not permitted to exclude yourself and you will be bound by the settlement and release (give up) all claims as described above and in the settlement agreement, if the Court approves the settlement.

## When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a final approval hearing regarding the settlement on [insert date and time] at the United States District Court for the District of Nevada, [insert courtroom and address]. At that hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who ask to speak at the hearing that have timely filed an objection and given notice of their intent to appear. The Court will also decide how much to pay to Class Counsel and the Class Representatives. At or after the hearing, the Court will decide whether to approve the settlement. Class Counsel does not know how long those decisions will take.

The final approval hearing date, time or location may be changed and notice of any change will be provided on the Settlement Website, www.[insert].com, so please check the Settlement Website for updated hearing information.

## Do I Have to Come to the Hearing?

No. Class Counsel will answer questions the Court may have. You are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you submit your written objection on time, the Court will consider it. You also may also have your own lawyer attend the hearing at your own expense, but doing so is not necessary.

You cannot submit an objection or speak at the hearing if you excluded yourself from the Settlement Class.

## What Happens if I Do Nothing at All?

If you do nothing, you will remain in the Settlement Class and will be bound by the terms of the settlement and all of the Court's orders, including the Release. This also means that you will not receive any settlement benefits and can't sue or be part of any other lawsuit against Defendant or the other Released Parties about the issues in this case.

## Are There More Details About the Settlement?

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the Settlement Agreement. You may obtain a copy of the Settlement Agreement and other case documents through the Settlement Website, www.[insert].com, by calling 866-___-____, or by writing to the Settlement Administrator at Zappos Settlement Administrator, [insert address].

You also can contact Class Counsel:

Ben Barnow
Barnow and Associates, P.C.
205 West Randolph Street, Suite 1630
Chicago, IL 60606
(312) 621-2000

Richard Coffman
The Coffman Law Firm
First City Building
505 Orleans, Fifth Floor
Beaumont, TX 77701
(409) 833-7700

Jeremiah Frei-Pearson
Finkelstein, Blankinship,
Frei-Pearson & Garber, LLP
445 Hamilton Avenue, Suite 605
White Plains, NY 10601
(914) 298-3281

Marc L. Godino
Glancy Prongay & Murray, LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 201-9150

**PLEASE DO NOT CALL THE COURT, THE COURT CLERK'S OFFICE, DEFENDANT, OR DEFENDANT'S COUNSEL WITH ANY QUESTIONS RELATED TO THE SETTLEMENT.**

LA 52283213v3

EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

IN RE ZAPPOS SECURITY BREACH
LITIGATION

)
)
)
)
)
)
)
)
)
)
)
)
)

MDL No.: 2357

Case No. 3:12-CV-00325-RJC-VPC

**[PROPOSED]**
**PRELIMINARY APPROVAL ORDER**

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement Agreement ("Preliminary Approval Motion") in the multi-district litigation entitled In re Zappos Security Breach Litigation, United States District Court for the District of Nevada, Case No. 3:12-cv-00325-RJC-VPC (the "MDL") and all cases subsumed therein (collectively, the "Actions"). The Actions were brought by plaintiffs Theresa D. Stevens, Denise Relethford, Emily E. Braxton, Stephanie Preira (also known as Stephanie Huppert), Robert Ree, Patti Hasner, Dahlia Habashy (also known as Dahlia Bonzagni), Katharine Vorhoff and Shari Simon (collectively, "Plaintiffs"), on behalf of themselves and the proposed Settlement Class, against defendant Zappos.com LLC, formerly known as Zappos.com, Inc. ("Zappos" or "Defendant," and together with Plaintiffs, the "Parties"). Zappos did not oppose the Preliminary Approval Motion. Based on this Court's review of the Parties' Settlement Agreement and Release (the "Agreement"), together with the Exhibits attached thereto, the record in this case, the Preliminary Approval Motion and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.      Settlement Terms. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2.      Jurisdiction. The Court has jurisdiction over the subject matter of the Actions, the Parties and all individuals in the Settlement Class.

1   3.   Scope of Settlement.  The Agreement resolves all claims alleged in the TAC filed

2   on September 28, 2015, all claims in all of the Actions, and such other claims described in the

3   Agreement.

4   4.   Preliminary Approval of Proposed Settlement.  The Court has conducted a

5   preliminary evaluation of the Settlement as set forth in the Agreement.  Based on this

6   preliminary evaluation, the Court preliminarily finds that:  (a) the Settlement is fair, reasonable

7   and adequate, and within the range of possible approval; (b) the Settlement is the product of

8   serious, informed, good faith, non-collusive negotiations between experienced attorneys familiar

9   with the legal and factual issues of this case, has no obvious deficiencies, does not improperly

10  grant preferential treatment to the Class Representatives or segments of the Settlement Class;

11  (c) the Notice Program provides due and sufficient notice to the Settlement Class and fully

12  satisfies the requirements of due process and Federal Rule of Civil Procedure 23; and (d) the

13  Notice Program constitutes the best notice practicable under the circumstances.  Therefore, the

14  Court grants preliminary approval of the Settlement.

15  5.   Class Certification for Settlement Purposes Only.  The Court, pursuant to Federal

16  Rule of Civil Procedure 23, conditionally certifies, for purposes of this Settlement only, the

17  following Settlement Class:

18      All natural persons or legal entities who had a Zappos.com account at any time on
    or prior to January 15, 2012 and for whom Zappos had an email address for the

19      account in its records at that time.  Excluded from the Settlement Class are:
    (a) individuals who are or were during the Class Period officers or directors of

20      Zappos or any of its subsidiaries or affiliates; (b) any justice, judge, magistrate
    judge or law clerk of the Court, the United States Court of Appeals for the Ninth

21      Circuit or the United States Supreme Court; and (c) all governmental entities.

22  6.   Preliminary Findings.  In connection with this conditional certification, the Court

23  makes the following preliminary findings:

24      (a)   The Settlement Class appears to be so numerous that joinder of all

25  members is impracticable;

26      (b)   There appear to be questions of law or fact common to the Settlement

27  Class for purposes of determining whether the Settlement should be approved;

28  - 2 -

       (c)     Plaintiffs' claims appear to be typical of the claims being resolved through the Settlement;

       (d)     Plaintiffs and their counsel appear to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

       (e)     For purposes of determining whether the Settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual members of the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

       (f)     For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

    7.    <u>Class Representatives</u>. The Court preliminarily designates Plaintiffs as the Class Representatives pursuant to Federal Rule of Civil Procedure 23.

    8.    <u>Class Counsel</u>. Pursuant to Federal Rule of Civil Procedure 23(g)(1), the Court hereby appoints Ben Barnow (Barnow and Associates, P.C.), Jeremiah Frei-Pearson (Finkelstein, Blankinship, Frei-Pearson & Garber, LLP), Mark Godino (Glancy Prongay & Murray, LLP) and Richard Coffman (The Coffman Law Firm) as Class Counsel.

    9.    <u>Final Approval Hearing</u>. At _____ p.m. on _____, 2019 [must be at least 90 days after CAFA notice given], in Courtroom *** of the United States District Court for the District of Nevada, located at 400 S Virginia Street, Suite 301, Reno, Nevada 89501, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Settlement and to determine whether to: (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class; (b) find that the Notice Program was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) finally certify the Settlement Class; (d) confirm that Plaintiffs and the Settlement Class have released all Released Claims and are permanently barred and enjoined from asserting, commencing,

- 3 -

1    prosecuting, or continuing any of the Released Claims against the Released Parties, subject

2    Section IV(A)(2) of the Agreement; (f) confirm that final judgment should be entered herein;

3    (g) award service awards to the Class Representatives, and in what amount; (h) award attorneys'

4    fees and costs to Class Counsel, and in what amount; (i) dismiss the Actions with prejudice; and

5    (j) any such other matters as may be necessary or appropriate.  Plaintiffs shall promptly, but in

6    no instance later than twenty-one (21) days before the Exclusion and Objection Deadline, file a

7    motion, including all supporting documentation and papers necessary to enter a final judgment in

8    the MDL, with the Court seeking final approval of the Settlement.  Not later than thirty (30) days

9    prior to the Final Approval Hearing, Class Counsel shall make, on behalf of themselves and

10   Other Plaintiffs' Counsel, an application for attorneys' fees, including out-of-pocket costs, and

11   service awards to each of the Class Representatives.  Attendance at the Final Approval Hearing

12   by Settlement Class Members is not required.  The Court may adjourn or continue the Final

13   Approval Hearing without further notice to the Settlement Class.  The Court may approve the

14   proposed Settlement, with such modifications as may be agreed to by the Parties, if appropriate,

15   without further notice to the Settlement Class.

16        10.    Settlement Administrator.   The Court hereby appoints KCC LLC as the

17   Settlement Administrator to supervise and administer the Settlement, including the Notice

18   Program.  Zappos shall pay all expenses incurred by the Settlement Administrator, as set forth in

19   the Agreement.

20        11.    Class Notice.  The Court approves the Notice Program for giving notice to the

21   Settlement Class as set forth in the Agreement and Exhibits thereto, and as further delineated

22   herein.  The Notice Program, in form, method and content, complies with the requirements of

23   Federal Rule of Civil Procedure 23 and due process, and constitutes the best notice practicable

24   under the circumstances and shall constitute sufficient notice to all persons entitled thereto.  The

25   Court hereby directs the Parties and the Settlement Administrator to provide Email Notice not

26   later than fifty-eight (58) days before the Final Approval Hearing.  The Court hereby directs the

27   Parties and the Settlement Administrator to establish the Settlement Website not later than fifty-

28

-4-

eight (58) days before the Final Approval Hearing as set forth in the Agreement, except that Class Counsel's motion for attorneys' fees and costs must be posted to the Settlement Website within two (2) days of Class Counsel filing the same with the Court.

12.    Reach of Class Notice.  The Settlement Administrator will file with the Court, by no later than seven (7) days prior to the Final Approval Hearing, a declaration:  (a) attesting that Email Notice was provided in accordance with the Court's Preliminary Approval Order; (b) setting forth the number of visits to the Settlement Website; and (c) assessing the reach of the Notice Program with respect to the Federal Judicial Center's guidance.

13.    Exclusion and Objection Deadline.  Persons in the Settlement Class who wish to be excluded from the Settlement or otherwise object to the Settlement must do so by _____, 2019.

14.    Exclusion from the Settlement.  Persons in the Settlement Class who wish to exclude themselves from the Settlement Class must do so by submitting a written Request for Exclusion to the Settlement Administrator postmarked no later than the Exclusion and Objection Deadline, but persons in the Settlement Class who use or transfer a Discount Code or use a Substitute Code cannot request exclusion from the Settlement.  A Request for Exclusion must: (a) be signed by the individual in the Settlement Class who is requesting exclusion; (b) include the full name, address, email address and Zappos.com account number, if any, of the individual in the Settlement Class requesting exclusion; and (c) include a clear written statement indicating an intent to be excluded from the Settlement.  No request for exclusion will be valid unless all of the information described above is included.  Except in cases of legal incapacity, no individual in the Settlement Class, or any person acting on behalf of or in concert or participation with said individual in the Settlement Class, may exclude any other individual in the Settlement Class from the Settlement Class.  Individuals who submit a valid and timely Request for Exclusion shall have no rights under the Settlement, shall have no standing to object to the Settlement because they are not Settlement Class Members and, accordingly, shall not be bound by any final judgment entered in this action.  The Settlement Administrator will retain a copy of all Requests

- 5 -

1  for Exclusion, whether valid or invalid.  Not later than seven (7) days before the Final Approval

2  Hearing, the Settlement Administrator shall file with the Court a declaration that lists the names

3  of all of the individuals in the Settlement Class who submitted valid Requests for Exclusion.

4        15.    <u>Objections to the Settlement</u>.  A Settlement Class Member may appear at the

5  Final Approval Hearing, if he or she so desires, as an "objector" and object to the Settlement or

6  any aspect thereof, including the applications for awards of attorneys' fees and costs to Class

7  Counsel, or a service award to any or all of the Class Representatives.

8        a.    <u>Requirements for a Written Objection</u>.  To object to the Settlement,

9  Settlement Class Members must follow the directions below and in the Notice Program, and file

10  a written objection and a Notice of Intention to Appear with the Court by the Exclusion and

11  Objection Deadline.  An objection must include the following:  (a) the objector's name and

12  address, and, if represented by counsel, the name, bar number, address and telephone number of

13  his, her or its attorney; (b) a statement that the objector is a Settlement Class Member;

14  (c) documents establishing, or information sufficient to allow the Parties to confirm, that the

15  objector is a Settlement Class Member; (d) a statement whether the objector intends to appear at

16  the Final Approval Hearing, either in person or through counsel; (e) a statement of the Settlement

17  Class Member's specific objections and the grounds supporting the objection; (f) identification

18  and production of copies of any documents that the objector desires the Court to consider; and

19  (g) the objector's original signature, if the Settlement Class Member is a natural person, or the

20  signature of a legally authorized representative, if the Settlement Class Member is not a natural

21  person.

22        b.    <u>Waiver of Objection</u>.  Any Settlement Class Member who fails to timely

23  comply with Paragraph 15 will not be permitted to object to the Settlement at the Final Approval

24  Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means,

25  will be deemed to have waived his, her or its objections, and will be forever barred from making

26  any objection to the fairness or adequacy of the proposed Settlement, the award of attorneys' fees

27

28

- 6 -

1  and costs to Class Counsel, or any other aspect of this Settlement, unless otherwise ordered by

2  the Court.

3          c.      Filing an Objection.  If a Settlement Class Member is represented by an

4  attorney, the attorney must register as an electronic filer with the Court and electronically file the

5  Settlement Class Member's objection with the Court using CM/ECF; the attorney may

6  electronically serve Class Counsel and Defense Counsel with the objection accordingly.  If the

7  Settlement Class Member is not represented by an attorney and files his, her or its objection with

8  the Court in paper format, the objection must also be mailed to each of the following,

9  postmarked no later than the Exclusion and Objection Deadline:  (a) Class Counsel – Ben

10 Barnow, Barnow and Associates, P.C., 205 West Randolph Street, Suite 1630, Chicago, Illinois

11 60606; and (b) Defendant's Counsel – Stephen J. Newman, Stroock & Stroock & Lavan LLP,

12 2029 Century Park East, 18th Floor, Los Angeles, California 90067.  The Court will not consider

13 an objection unless the objection is filed with the Court, is served on Class Counsel and Defense

14 Counsel as set forth herein and includes all of the foregoing information.

15          d.      Redacting Objections in the Public Record.  For any objection filed in the

16 public record, the Clerk of the Court is ordered to redact the street address to protect the

17 objector's privacy.  The objector's name and city, state and zip code, as well as the objection,

18 will not be redacted.  A Settlement Class Member may not redact the copy of his, her or its

19 objection that is served on Class Counsel and Defense Counsel.

20          e.      Reply in Support of Final Approval.  Any reply in support of Final

21 Approval or in response to any objections shall be filed no later than four (4) days prior to the

22 Final Approval Hearing

23      16.    Stay of Other Proceedings.  Pending the final determination of whether the

24 Settlement should be approved, the Parties shall cooperate in filing such papers as may be

25 necessary to stay proceedings in all the Actions as defined in the Agreement, except as may be

26 necessary to implement the Settlement or comply with the terms of the Agreement, as well as

27 such other litigation as may attempt to prosecute Released Claims.  Pending the final

28

- 7 -

determination of whether the Settlement should be approved, Plaintiffs and all persons in the Settlement Class are hereby enjoined from commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties, pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law. This injunction remains in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein will prevent any person in the Settlement Class, or any person actually or purportedly acting on behalf of any such person(s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, the Court's flexibility and authority to effectuate the Settlement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

17. _Termination of Settlement_. If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in the Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo ante, subject to Section IV(A)(2) of the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification or otherwise asserted at any other stage of the Actions or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiffs, any person in the proposed Settlement Class, Zappos or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Actions or in any other proceeding.

18. _No Admission of Liability_. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Zappos, or any of its affiliates, agents, representatives, vendors, or any other person or entity acting on their behalf, including,

- 8 -

1  without limitation, Amazon.com, Inc., and shall not be construed or deemed to be evidence of an

2  admission or concession that any person suffered compensable harm or is entitled to any relief or

3  the truth of any of the claims.  Evidence relating to the Settlement will not be discoverable or

4  used, directly or indirectly, in any way, subject to Section IV(A)(2) of the Agreement, whether in

5  the Actions or in any other action or proceeding, except for purposes of demonstrating,

6  describing, implementing or enforcing the terms and conditions of the Settlement, this Order and

7  the Final Approval Order.

8    19.    Reasonable Procedures to Effectuate the Settlement.  Counsel are hereby

9  authorized to use all reasonable procedures in connection with approval and administration of the

10  Settlement that are not materially inconsistent with this Order or the Agreement, including

11  making, without further approval of the Court, minor changes to the form or content of the

12  Notice Program and other exhibits that they jointly agree are reasonable and necessary.  The

13  Court reserves the right to approve the Agreement with such modifications, if any, as may be

14  agreed to by the Parties without further notice to persons in the Settlement Class.

15    20.    Extension by Court Order.  The deadlines set forth in this Order, including,

16  without limitation, adjourning the Final Approval Hearing, may be extended by Court order.

17  Notice of the extension of any deadline shall be posted on the Settlement Website by the

18  Settlement Administrator.

19

20    IT IS SO ORDERED.

21  Dated: _____

22                          _____
                           Hon. Robert C. Jones,
23                          United States District Judge

24

25

26

27

28                                  - 9 -

LA 52281188

# EXHIBIT D

1

2           UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEVADA
3

4    IN RE ZAPPOS SECURITY BREACH          )      MDL No.: 2357
5    LITIGATION                            )
                                           )      Case No. 3:12-CV-00325-RJC-VPC
6                                          )
                                           )      **[PROPOSED]**
7                                          )      **FINAL APPROVAL ORDER**
                                           )
8                                          )
                                           )
9                                          )
                                           )
10

11          This matter came before the Court for hearing on _____, 2019, pursuant to Federal Rule

12   of Civil Procedure 23 and the Order Granting Preliminary Approval of Class Action Settlement

13   (ECF No. ____) ("Preliminary Approval Order").  Plaintiffs seek final approval of the Settlement

14   Agreement and Release (the "Agreement") (see ECF No. ____), an award of attorneys' fees and

15   cost reimbursements to Class Counsel and Other Plaintiffs' Counsel,  and service awards to each

16   of the Plaintiffs.  The Notice Program having been administered as called for under the

17   Settlement and required by the Preliminary Approval Order, and the Court having considered all

18   papers filed and proceedings held, and good cause appearing therefore, IT IS HEREBY

19   ORDERED, ADJUDGED AND DECREED that:

20          1.      This Order and Judgment incorporates and approves the Agreement and the

21   Settlement set forth therein.  Any term not defined herein shall have the meaning ascribed to it as

22   set forth in the Agreement.

23          2.      The Court finds that the Settlement is the product of good faith, non-collusive,

24   arm's length negotiations and is fair, reasonable and adequate in all material respects.

25          3.      This Court holds that it has jurisdiction over the subject matter of the Actions, all

26   Parties to the Actions and all Settlement Class Members with respect to the Settlement and this

27   Order and Judgment.

28

LA 52281193

4.      The Court appoints plaintiffs Theresa D. Stevens, Denise Relethford, Emily E. Braxton, Stephanie Preira (also known as Stephanie Huppert), Robert Ree, Patti Hasner, Dahlia Habashy (also known as Dahlia Bonzagni), Katharine Vorhoff and Shari Simon as the representatives of the Settlement Class.

5.      The Court appoints Ben Barnow (Barnow and Associates, P.C.), Jeremiah Frei-Pearson (Finkelstein, Blankinship, Frei-Pearson & Garber, LLP), Mark Godino (Glancy Prongay & Murray, LLP) and Richard Coffman (The Coffman Law Firm) as Class Counsel.

6.      For purposes of the Settlement only, the Court finds that the requirements of Federal Rule of Civil Procedure 23 are satisfied with respect to the Settlement Class: (a) the members of the Settlement Class are so numerous that joinder of all of them is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; and (d) Plaintiffs and Class Counsel have and will fairly and adequately represent the Settlement Class.

7.      For purposes of the Settlement only, the Settlement Class is certified as follows:

All natural persons or legal entities who had a Zappos.com account at any time on or prior to January 15, 2012 and for whom Zappos had an email address for the account in its records at that time.  Excluded from the Settlement Class are:  (a) individuals who are or were during the Class Period officers or directors of Zappos or any of its subsidiaries or affiliates; (b) any justice, judge, magistrate judge or law clerk of the Court, the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; and (c) all governmental entities.

8.      The Court finds that the Notice Program fully and accurately informed the Settlement Class of all material elements of the Settlement, and constituted valid, due and sufficient notice to all individuals in the Settlement Class, and the best notice practicable under the circumstances, and that the Notice Program satisfied Federal Rule of Civil Procedure 23 and due process.

9.      The Court holds that the individuals identified in Exhibit 1 hereto are excluded from the Settlement Class because they submitted timely and valid Requests for Exclusion pursuant to the Notice Program.

- 2 -

10.     The Court overrules each of the objections to the Settlement on the merits.  (ECF Nos. _____.)

11.     The Court approves service awards in the amount of $_____ to each of the Plaintiffs, for a sum total of $_____, for their service as Class Representatives.  Class Counsel and Other Plaintiffs' Counsel are awarded attorneys' fees, costs and expenses of $_____.  [Sum of all items not to exceed $1,620,000.]  The Court finds that such awards are fair and reasonable, and orders that they be paid by Zappos directly to Class Counsel in accordance with the Agreement and at the time set forth therein.  Class Counsel is thereafter ordered to distribute amounts due to Plaintiffs and to Other Plaintiffs' Counsel; Zappos is not responsible for such further distribution and Zappos discharges its financial responsibilities by making payment to Class Counsel.

12.     The Court orders the Parties to the Agreement and the Settlement Administrator to continute to perform their obligations thereunder pursuant to the terms of the Agreement.

13.     The Court orders that judgment be entered forthwith on the terms of the Settlement as set forth in this Order and Judgment, and dismisses the MDL and the Actions, including all claims and causes of action asserted in the Actions, the MDL, the TAC or any other pleading or other document filed in the Actions, on the merits and with prejudice, as to the Class Representatives and all Settlement Class Members.  This dismissal is without costs or fees to any Party except as specifically provided in the Agreement and this Order and Judgment.

14.     The Court adjudges that the Class Representatives and all Settlement Class Members are conclusively deemed to have forever, fully and finally released and discharged the Released Parties from any and all Released Claims, as those terms are defined in the Agreement.

15.     Without affecting the finality of this Order and Judgment, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement pursuant to further orders of the Court, until such time as the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the Parties hereto shall have been performed pursuant to the Agreement, including all payments set forth thereunder; (b) any other

- 3 -

1   action necessary to conclude this Settlement and implement the Agreement; and (c) the

2   modification, enforcement, effecutation, construction and interpretation of the Agreement

3   including, without limitation, any dispute concerning Settlement Class Members' release of

4   Released Claims, and the Settlement.

5          16.     Plaintiffs and each and every Settlement Class Member, and any person acting on

6   behalf of Plaintiffs or any Settlement Class Member, are hereby permanently barred and enjoined

7   from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any

8   Released Claims (including, without limitation, in any individual, class or putative class,

9   representative or other action or proceeding), directly or indirectly, in any judicial,

10  administrative, arbitral or other forum, against the Released Parties.  This permanent bar and

11  injunction is necessary to protect and effectuate the Settlement, this Order and Judgment and this

12  Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction

13  and to protect its judgments pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other

14  applicable law. In the event that any provision of the Agreement or this Order and Judgment is

15  asserted by Zappos as a defense in whole or in part to any claim, or otherwise asserted

16  (including, without limitation, as a basis for a stay) in any other suit, action or proceeding

17  brought by a Settlement Class Member or any person acting on behalf of any Settlement Class

18  Member, that suit, action or other proceeding shall be immediately stayed and enjoined until this

19  Court or the court or tribunal in which the claim is pending has determined any issues related to

20  such defense or assertion.  By incorporating the Agreement, including the Exhibits attached

21  thereto, and its terms therein, the Court determines that this Order and Judgment complies in all

22  respects with Federal Rule of Civil Procedure 65(d)(1).

23         17.     The Agreement, including the Exhibits attached thereto, and any and all

24  negotiations, documents and discussions associated with it will not be deemed or construed to be

25  an admission or evidence of any violation of any statute, law, rule, regulation or principle of

26  common law or equity, or of any liability or wrongdoing by any Released Party, or the truth of

27  any of the claims.  Evidence relating to the Settlement will not be discoverable or used, directly

28

- 4 -

1  or indirectly, in any way, whether in the Actions or in any other action or proceeding, except for

2  purposes of demonstrating, describing, implementing or enforcing the terms and conditions of

3  the Settlement, the Preliminary Approval Order and/or this Order and Judgment.

4        18.    The Clerk shall enter judgment forthwith as set forth herein.

5

6        IT IS SO ORDERED.

7  Dated: _____        _____

8                                         Hon. Robert C. Jones
                                          United States District Court Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                   - 5 -