UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

IN RE ZAPPOS SECURITY BREACH LITIGATION

MDL No.: 2357

Case No. 3:12-CV-00325-RJC-VPC

**PRELIMINARY APPROVAL ORDER**

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement Agreement ("Preliminary Approval Motion") in the multi-district litigation entitled In re Zappos Security Breach Litigation, United States District Court for the District of Nevada, Case No. 3:12-cv-00325-RJC-VPC (the "MDL") and all cases subsumed therein (collectively, the "Actions"). The Actions were brought by plaintiffs Theresa D. Stevens, Denise Relethford, Emily E. Braxton, Stephanie Preira (also known as Stephanie Huppert), Robert Ree, Patti Hasner, Dahlia Habashy (also known as Dahlia Bonzagni), Katharine Vorhoff and Shari Simon (collectively, "Plaintiffs"), on behalf of themselves and the proposed Settlement Class, against defendant Zappos.com LLC, formerly known as Zappos.com, Inc. ("Zappos" or "Defendant," and together with Plaintiffs, the "Parties"). Zappos did not oppose the Preliminary Approval Motion. Based on this Court's review of the Parties' Settlement Agreement and Release (the "Agreement"), together with the Exhibits attached thereto, the record in this case, the Preliminary Approval Motion and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Actions, the Parties and all individuals in the Settlement Class.

PRELIMINARY APPROVAL ORDER

LA 52281188

3. <u>Scope of Settlement</u>. The Agreement resolves all claims alleged in the TAC filed on September 28, 2015, all claims in all of the Actions, and such other claims described in the Agreement.

4. <u>Preliminary Approval of Proposed Settlement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court preliminarily finds that: (a) the Settlement is fair, reasonable and adequate, and within the range of possible approval; (b) the Settlement is the product of serious, informed, good faith, non-collusive negotiations between experienced attorneys familiar with the legal and factual issues of this case, has no obvious deficiencies, does not improperly grant preferential treatment to the Class Representatives or segments of the Settlement Class; (c) the Notice Program provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; and (d) the Notice Program constitutes the best notice practicable under the circumstances. Therefore, the Court grants preliminary approval of the Settlement.

5. <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Federal Rule of Civil Procedure 23, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All natural persons or legal entities who had a Zappos.com account at any time on or prior to January 15, 2012 and for whom Zappos had an email address for the account in its records at that time. Excluded from the Settlement Class are: (a) individuals who are or were during the Class Period officers or directors of Zappos or any of its subsidiaries or affiliates; (b) any justice, judge, magistrate judge or law clerk of the Court, the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; and (c) all governmental entities.

6. <u>Preliminary Findings</u>. In connection with this conditional certification, the Court makes the following preliminary findings:

(a) The Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

- 2 -

LA 52281188

1        (c)    Plaintiffs' claims appear to be typical of the claims being resolved through the Settlement;

       (d)    Plaintiffs and their counsel appear to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

       (e)    For purposes of determining whether the Settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual members of the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

       (f)    For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

    7.    <u>Class Representatives</u>. The Court preliminarily designates Plaintiffs as the Class Representatives pursuant to Federal Rule of Civil Procedure 23.

    8.    <u>Class Counsel</u>. Pursuant to Federal Rule of Civil Procedure 23(g)(1), the Court hereby appoints Ben Barnow (Barnow and Associates, P.C.), Jeremiah Frei-Pearson (Finkelstein, Blankinship, Frei-Pearson & Garber, LLP), Mark Godino (Glancy Prongay & Murray, LLP) and Richard Coffman (The Coffman Law Firm) as Class Counsel.

    9.    <u>Final Approval Hearing</u>. At 10:00 A.M., Friday, December 20, 2019, in Reno Courtroom 3, before Judge Robert C. Jones. [90 days after CAFA notice given], in Courtroom *** of the United States District Court for the District of Nevada, located at 400 S Virginia Street, Suite 301, Reno, Nevada 89501, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Settlement and to determine whether to: (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class; (b) find that the Notice Program was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) finally certify the Settlement Class; (d) confirm that Plaintiffs and the Settlement Class have released all Released Claims and are permanently barred and enjoined from asserting, commencing,

- 3 -

LA 52281188

prosecuting, or continuing any of the Released Claims against the Released Parties, subject Section IV(A)(2) of the Agreement; (f) confirm that final judgment should be entered herein; (g) award service awards to the Class Representatives, and in what amount; (h) award attorneys' fees and costs to Class Counsel, and in what amount; (i) dismiss the Actions with prejudice; and (j) any such other matters as may be necessary or appropriate. Plaintiffs shall promptly, but in no instance later than twenty-one (21) days before the Exclusion and Objection Deadline, file a motion, including all supporting documentation and papers necessary to enter a final judgment in the MDL, with the Court seeking final approval of the Settlement. Not later than thirty (30) days prior to the Final Approval Hearing, Class Counsel shall make, on behalf of themselves and Other Plaintiffs' Counsel, an application for attorneys' fees, including out-of-pocket costs, and service awards to each of the Class Representatives. Attendance at the Final Approval Hearing by Settlement Class Members is not required. The Court may adjourn or continue the Final Approval Hearing without further notice to the Settlement Class. The Court may approve the proposed Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

    10.    <u>Settlement Administrator</u>. The Court hereby appoints KCC LLC as the Settlement Administrator to supervise and administer the Settlement, including the Notice Program. Zappos shall pay all expenses incurred by the Settlement Administrator, as set forth in the Agreement.

    11.    <u>Class Notice</u>. The Court approves the Notice Program for giving notice to the Settlement Class as set forth in the Agreement and Exhibits thereto, and as further delineated herein. The Notice Program, in form, method and content, complies with the requirements of Federal Rule of Civil Procedure 23 and due process, and constitutes the best notice practicable under the circumstances and shall constitute sufficient notice to all persons entitled thereto. The Court hereby directs the Parties and the Settlement Administrator to provide Email Notice not later than fifty-eight (58) days before the Final Approval Hearing. The Court hereby directs the Parties and the Settlement Administrator to establish the Settlement Website not later than fifty-

LA 52281188

eight (58) days before the Final Approval Hearing as set forth in the Agreement, except that Class Counsel's motion for attorneys' fees and costs must be posted to the Settlement Website within two (2) days of Class Counsel filing the same with the Court.

12. <u>Reach of Class Notice</u>. The Settlement Administrator will file with the Court, by no later than seven (7) days prior to the Final Approval Hearing, a declaration: (a) attesting that Email Notice was provided in accordance with the Court's Preliminary Approval Order; (b) setting forth the number of visits to the Settlement Website; and (c) assessing the reach of the Notice Program with respect to the Federal Judicial Center's guidance.

13. <u>Exclusion and Objection Deadline</u>. Persons in the Settlement Class who wish to be excluded from the Settlement or otherwise object to the Settlement must do so by November 29, 2019.

14. <u>Exclusion from the Settlement</u>. Persons in the Settlement Class who wish to exclude themselves from the Settlement Class must do so by submitting a written Request for Exclusion to the Settlement Administrator postmarked no later than the Exclusion and Objection Deadline, but persons in the Settlement Class who use or transfer a Discount Code or use a Substitute Code cannot request exclusion from the Settlement. A Request for Exclusion must: (a) be signed by the individual in the Settlement Class who is requesting exclusion; (b) include the full name, address, email address and Zappos.com account number, if any, of the individual in the Settlement Class requesting exclusion; and (c) include a clear written statement indicating an intent to be excluded from the Settlement. No request for exclusion will be valid unless all of the information described above is included. Except in cases of legal incapacity, no individual in the Settlement Class, or any person acting on behalf of or in concert or participation with said individual in the Settlement Class, may exclude any other individual in the Settlement Class from the Settlement Class. Individuals who submit a valid and timely Request for Exclusion shall have no rights under the Settlement, shall have no standing to object to the Settlement because they are not Settlement Class Members and, accordingly, shall not be bound by any final judgment entered in this action. The Settlement Administrator will retain a copy of all Requests

for Exclusion, whether valid or invalid. Not later than seven (7) days before the Final Approval Hearing, the Settlement Administrator shall file with the Court a declaration that lists the names of all of the individuals in the Settlement Class who submitted valid Requests for Exclusion.

15. <u>Objections to the Settlement</u>. A Settlement Class Member may appear at the Final Approval Hearing, if he or she so desires, as an "objector" and object to the Settlement or any aspect thereof, including the applications for awards of attorneys' fees and costs to Class Counsel, or a service award to any or all of the Class Representatives.

a. <u>Requirements for a Written Objection</u>. To object to the Settlement, Settlement Class Members must follow the directions below and in the Notice Program, and file a written objection and a Notice of Intention to Appear with the Court by the Exclusion and Objection Deadline. An objection must include the following: (a) the objector's name and address, and, if represented by counsel, the name, bar number, address and telephone number of his, her or its attorney; (b) a statement that the objector is a Settlement Class Member; (c) documents establishing, or information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member; (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the Settlement Class Member's specific objections and the grounds supporting the objection; (f) identification and production of copies of any documents that the objector desires the Court to consider; and (g) the objector's original signature, if the Settlement Class Member is a natural person, or the signature of a legally authorized representative, if the Settlement Class Member is not a natural person.

b. <u>Waiver of Objection</u>. Any Settlement Class Member who fails to timely comply with Paragraph 15 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his, her or its objections, and will be forever barred from making any objection to the fairness or adequacy of the proposed Settlement, the award of attorneys' fees

- 6 -

LA 52281188

and costs to Class Counsel, or any other aspect of this Settlement, unless otherwise ordered by the Court.

   c. <u>Filing an Objection</u>. If a Settlement Class Member is represented by an attorney, the attorney must register as an electronic filer with the Court and electronically file the Settlement Class Member's objection with the Court using CM/ECF; the attorney may electronically serve Class Counsel and Defense Counsel with the objection accordingly. If the Settlement Class Member is not represented by an attorney and files his, her or its objection with the Court in paper format, the objection must also be mailed to each of the following, postmarked no later than the Exclusion and Objection Deadline: (a) Class Counsel – Ben Barnow, Barnow and Associates, P.C., 205 West Randolph Street, Suite 1630, Chicago, Illinois 60606; and (b) Defendant's Counsel – Stephen J. Newman, Stroock & Stroock & Lavan LLP, 2029 Century Park East, 18th Floor, Los Angeles, California 90067. The Court will not consider an objection unless the objection is filed with the Court, is served on Class Counsel and Defense Counsel as set forth herein and includes all of the foregoing information.

   d. <u>Redacting Objections in the Public Record</u>. For any objection filed in the public record, the Clerk of the Court is ordered to redact the street address to protect the objector's privacy. The objector's name and city, state and zip code, as well as the objection, will not be redacted. A Settlement Class Member may not redact the copy of his, her or its objection that is served on Class Counsel and Defense Counsel.

   e. <u>Reply in Support of Final Approval</u>. Any reply in support of Final Approval or in response to any objections shall be filed no later than four (4) days prior to the Final Approval Hearing

  16. <u>Stay of Other Proceedings</u>. Pending the final determination of whether the Settlement should be approved, the Parties shall cooperate in filing such papers as may be necessary to stay proceedings in all the Actions as defined in the Agreement, except as may be necessary to implement the Settlement or comply with the terms of the Agreement, as well as such other litigation as may attempt to prosecute Released Claims. Pending the final

- 7 -

determination of whether the Settlement should be approved, Plaintiffs and all persons in the Settlement Class are hereby enjoined from commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties, pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law. This injunction remains in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein will prevent any person in the Settlement Class, or any person actually or purportedly acting on behalf of any such person(s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, the Court's flexibility and authority to effectuate the Settlement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

17. <u>Termination of Settlement</u>. If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in the Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Action will return to the <u>status quo ante</u>, subject to Section IV(A)(2) of the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification or otherwise asserted at any other stage of the Actions or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiffs, any person in the proposed Settlement Class, Zappos or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Actions or in any other proceeding.

18. <u>No Admission of Liability</u>. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Zappos, or any of its affiliates, agents, representatives, vendors, or any other person or entity acting on their behalf, including,

- 8 -

1  without limitation, Amazon.com, Inc., and shall not be construed or deemed to be evidence of an
2  admission or concession that any person suffered compensable harm or is entitled to any relief or
3  the truth of any of the claims.  Evidence relating to the Settlement will not be discoverable or
4  used, directly or indirectly, in any way, subject to Section IV(A)(2) of the Agreement, whether in
5  the Actions or in any other action or proceeding, except for purposes of demonstrating,
6  describing, implementing or enforcing the terms and conditions of the Settlement, this Order and
7  the Final Approval Order.

8    19.    **Reasonable Procedures to Effectuate the Settlement**.  Counsel are hereby
9  authorized to use all reasonable procedures in connection with approval and administration of the
10 Settlement that are not materially inconsistent with this Order or the Agreement, including
11 making, without further approval of the Court, minor changes to the form or content of the
12 Notice Program and other exhibits that they jointly agree are reasonable and necessary.  The
13 Court reserves the right to approve the Agreement with such modifications, if any, as may be
14 agreed to by the Parties without further notice to persons in the Settlement Class.

15    20.    **Extension by Court Order**.  The deadlines set forth in this Order, including,
16 without limitation, adjourning the Final Approval Hearing, may be extended by Court order.
17 Notice of the extension of any deadline shall be posted on the Settlement Website by the
18 Settlement Administrator.

20    IT IS SO ORDERED.

21    Dated:  September 19, 2019.

22    _____
      Hon. Robert C. Jones,
23    United States District Judge

LA 52281188