## OBJECTION TO PROPOSED SETTLEMENT

*In re: Zappos Security Breach Litigation*         Case No. 3:12-cv-00325-RCJ-VPC

                                                     MDL No. 2357

------------------------------------------------------------

<u>Via Mail To:</u>

Clerk of the Court

U.S. District Court, District of Nevada

400 S. Virginia Street

Reno, NV 89501



Honorable Robert C. Jones

United States District Judge

      I am a member of the class action in the above captioned matter by virtue of the fact that I had an online account with zappos.com on or before January 15, 2012. I also work in the privacy arena and I am keenly aware of the ongoing threat and risk to consumers when companies like Zappos are not meaningfully required to change their security protocols after a data breach. I do not plan on appearing at the Final Approval Hearing.

      I am writing to the Court to object to the proposed settlement. I understand that if chose to participate in the settlement, I can receive a one-time 10% discount on a future purchase at zappos.com. I object to this settlement because companies that are not keeping their customer data secure and use lax data security systems should not be rewarded with future business from the very same customers whose personal data was already not properly managed by the same company. It's frankly outrageous as a consumer and someone who works in the data privacy area, to require that former customer to become a future customer in order to settle a class action lawsuit. Why should this company get more of my money or trust as a consumer when they have previously breached that trust? It's a ridiculous result and the Court should be aware that I strenuously object to any kind of so-called "settlement" that rewards attorney's fees, rewards the bad actor, and allows the company at the heart of this breach to walk away with MORE of my business.

      The Federal Class Action Fairness Act ("CAFA") of 2005 attempted to limit abusive settlement practices that resulted in little value to class members but significant fee awards to class counsel. I am asserting this settlement is unfair, is nothing more than a so-called "coupon settlement" since it only offers non-monetary compensation, and therefore disregards the legislative intent underlying CAFA (cite omitted). Further, coupon settlements are much more commonly criticized as inherently unfair to consumers and are strongly disfavored by the Attorneys general of most states. Although valuation of coupon settlements is complex and depends on various factors including redemption rates and whether the settlement creates a continuing or renewed business relationship between the class and the defendant.

      Depending on the average price of a product on the zappos site, the valuation of this settlement might amount to a few dollars or less per class member. The Court has a duty to apply a greater level of scrutiny to settlements when most class members being represented through a few named class plaintiffs (*Figueroa v. Sharper Image Corp.*, 517 F.Supp.2d at 1302, S.D.Fla.2007). The present case is different from cases where coupon settlements were approved

because the risks of identity theft and loss of personally identifiable information continues on, whether or not the defendant has changed its security protocols.

This settlement is essentially a court-mandated reward to Zappos to get more business from the very customers who were exposed to a heightened risk of identity theft and fraud. This amounts to less than the proverbial "slap on the wrist." There is zero incentive for large, on-line retailer to change their security practices when settlements such as this don't deter them whether financially or reputationally. The only people who continue to lose here are consumers. Our personally identifiable information continues to be treated as an afterthought and consumers who are victims of identity theft are left to sort this out for themselves at considerable time, cost and distress.

For the foregoing reasons, I object to this settlement and I respectfully request that the Court deny this settlement.

Sincerely,

Class Member Jacqueline Libster

407 Pacific St, Brooklyn NY 11217

jlibster@gmail.com


Copy Via Email To:

Class Counsel Ben Barnow

Barnow and Associates P.C.

205 West Randolph Street, Suite 1630 Chicago, IL 60606

b.barnow@barnowlaw.com


Stephen J. Newman

Stroock & Stroock & Lavan LLP

2029 Century Park East - 18th Floor

Los Angeles, CA 90067

snewman@stroock.com